ORIGINAL

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF DELAWARE*

CHRISTOPHER J. VIDETTO,          :

          Plaintiff,             :

                                 :     **DOCKET NO.**      0 6 - 1 1 1

          V.                     :

WARDEN THOMAS CARROLL,           :

          Respondent.            :

                                 :

```
 F I L E D

 FEB 2 1 2006

 U.S. DISTRICT COURT
 DISTRICT OF DELAWARE
```

## PETITION UNDER 28 U.S.C. § 2254
## FOR WRIT OF HABEAS CORPUS BY A
## PERSON IN CUSTODY

## PETITION

M. JANE BRADY, ESQ.               CHRISTOPHER J. VIDETTO, PRO SE.
ATTORNEY GENERAL                     INMATE NO. 492696
CARVEL STATE BUILDING             DELAWARE CORRECTIONS CENTER
820 FRENCH ST.                     1181 PADDOCK RD.
WILMINGTON, DE. 19801              SMYRNA, DE. 19977

DATED: 2/20/06

---

**UNITED STATES DISTRICT COURT**    **DISTRICT OF DELAWARE**

---

**NAME  (under which you were convicted)**    **Docket or Case No.:**

**CHRISTOPHER J. VIDETTO**

---

**Place of Confinement**    **Prison No.:  492696**
**DELAWARE CORRECTIONS CENTER**
**1181 PADDOCK RD.**
**SMYRNA, D.E. 19977**

---

**Petitioner**    **Respondent**
**CHRISTOPHER J. VIDETTO**    **WARDEN THOMAS CARROLL**

                       **v.**

---

**The Attorney General of the State of Delaware**
**M. JANE BRADY ESQ.**
**CARVEL STATE BUILDING**
**820 N. FRENCH ST.**
**WILMINGTON, DE. 19801**

---

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you
   are challenging:  The Superior Court of Delaware in and for Kent County, Dover DE.
      (b) Criminal docket or case number (if you know):  0104008670
2.  (a) Date of the judgment of conviction (if you know):  December 17,2002.
      (b) Date of sentencing: December 17, 2002.
3.  Length of sentence: 20 years suspended after 15 years at level 5 to various levels of probation
4.  In this case, were you convicted on more than one count or of more than one
   crime? Yes [X] No [ ]
5.  Identify all crimes of which you were convicted and sentenced in this case: Burglary 2nd,
11 DEL. C. § 825, Conspiracy 2nd, 11DEL. C. § 1451, and Theft of Firearms,
11 DEL. C. 512.

6. (a) What was your plea? (Check one)
(1) Not guilty [ ]  (3) Nolo contendere (no contest) [ ]
(2) Guilty [X]      (4) Insanity plea [ ]
  (b) If you entered a guilty plea to one count or charge and a not guilty
    plea to another count or charge, what did you plead guilty to and what
    did you plead not guilty to? N/A.
  (c) If you went to trial, what kind of trial did you have? (Check one)
    Jury [ ] Judge only [ ]  N/A.
7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
    Yes [ ] No [X]
8. Did you appeal from the judgment of conviction?
    Yes [X] No [ ]
9. If you did appeal, answer the following:
  (a) Name of court: Supreme Court of Delaware .
  (b) Docket or case number (if you know): 714, 2002 & 008, 2003
(consolidated appeal).
  (c) Result: Affirmed.
  (d) Date of result (if you know): July 18, 2003.
  (e) Citation to the case (if you know): Videtto v. State, 829 A.2d 936,
                              2003 WL 21692214 (Del. Super.)
  (f) Grounds raised: Coerced by police, court and counsel during plea,
Habitual offender declaration absence of evidence, and a violation of Title
11 Del. C. § 2549.
  (g) Did you seek further review by a higher state court? Yes [X] No [ ]
      If yes, answer the following:
      (1) Name of court: The Supreme Court of Delaware is the highest
court.
10. Other than the direct appeals listed above, have you previously filed
any
    other petitions, applications, or motions concerning this judgment of
    conviction in any state court?
        Yes [X] No [ ]
11. If your answer to Question 10 was "Yes," give the following
information:
    (a)      (1) Name of court: Superior Court of Delaware in and for Kent
County, Dover.
             (2) Docket or case number (if you know): 0104008670
             (3) Date of filing (if you know): February 25, 2003
    (4) Nature of the proceeding: Post-Conviction Relief Motion, Rule 61
             (5) Grounds raised: Eight (8) cts. of Ineffective Counsel, Two (2)
cts. of Due Process, and Two (2) cts. of Plain Error.
             (6) Did you receive a hearing where evidence was given on
               your petition, application, or motion?
               Yes [ ] No [X]
             (7) Result: N/A
             (8) Date of result (if you know): N/A

(b)      If you filed any second petition, application, or motion,
           give the same information:  N/A
12. For this petition, state every ground on which you claim that you are
    being held in violation of the Constitution, laws, or treaties of the
    United States. Attach additional pages if you have more than four
    grounds. State the facts supporting each ground.

GROUND ONE: Ineffective Counsel- By counsel not assuring the plea was
made knowingly, voluntarily and intelligently entered for misrepresenting
material facts and or misleading the defendant into pleading guilty.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts
 that support your claim.): Counsel informed the defendant that his
fingerprints were discovered inside a burglarized residence prior to the
defendant pleading guilty, The defendant later found out, upon receiving
his discovery material, during his direct appeal, the petitioner noticed that
the fingerprint analysis said that the prints were taken from the vehicle,
that being a 1990 Lincoln, not from the house as counsel had petitioner
believe counsels false misadvise played a crucial part the decision making
process on the petitioner to plead guilty. Petitioner seeks a new trial.
(b) If you did not exhaust your state remedies on Ground One, explain why:
N/A
(c) Direct Appeal of Ground One: N/A, See Post-Conviction Information.
    (1) If you appealed from the judgment of conviction, did you raise this
    issue?
    Yes [ ] No [X]
    (2) If you did not raise this issue in your direct appeal, explain why:
Can't raise Ineffective Counsel claims on direct appeal in the state of
Delaware.
(d) Post-Conviction Proceedings:
    (1) Did you raise this issue through a post-conviction motion or petition
    for habeas corpus in a state trial court?
    Yes [X] No [ ]
    (2) If your answer to Question (d)(1) is "Yes," state:
    Type of motion or petition: Motion for Post-Conviction Relief.
  Name and location of the court where the motion or petition was filed:
Superior Court of Delaware in and for Kent County, Dover.
    Docket or case number (if you know):  0104008670
    Date of the court's decision: September 30, 2005.
    Result (attach a copy of the court's opinion or order, if available): Denied
Relief.
    (3) Did you receive a hearing on your motion or petition?
    Yes [ ] No [X]
    (4) Did you appeal from the denial of your motion or petition?
    Yes [X] No [ ]
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue
    in the appeal?

3

Yes [X] No [ ]
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: <u>Supreme
Court of Delaware.</u>
Docket or case number (if you know): <u>493, 2005</u>
Date of the court's decision: <u>January 24, 2006</u>
Result (attach a copy of the court's opinion or order, if available):
<u>Affirmed</u>
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
why you did not raise this issue:  <u>N/A</u>
(e) Other Remedies: Describe any other procedures (such as habeas
corpus,
administrative remedies, etc.) that you have used to exhaust your state
remedies on Ground One: <u>N/A</u>

GROUND TWO: <u>Ineffective Counsel-by counsel failing to acquaint the
petitioner with the essential nature of the habitual offenders hearing.</u>
(a) Supporting facts (Do not argue or cite law. Just state the specific facts
 that support your claim.):  <u>Counsel allowed petitioner to go blindly into a
hearing, leaving the petitioner unaware of the nature that he would have to
admit to his prior criminal record, counsel allowed the petitioner to commit
self-incrimination, had the petitioner known that he would have to admit to
his three priors he would of stood silent and have the state prove its
allegations, even if it was a part of the deal as counsel insists, the
petitioner never would have agreed to such a stipulation. Petitioner seeks a
new trial.</u>
(b) If you did not exhaust your state remedies on Ground Two, explain why:
<u>N/A</u>
(c) Direct Appeal of Ground Two: <u>N/A, See Post-Conviction Information.</u>
(1) If you appealed from the judgment of conviction, did you raise this
issue?
Yes [ ] No [X]
(2) If you did not raise this issue in your direct appeal, explain why:
<u>Can't raise Ineffective Counsel claims on direct appeal in the state of
Delaware.</u>
(d) Post-Conviction Proceedings:
(1) Did you raise this issue through a post-conviction motion or petition
for habeas corpus in a state trial court?
Yes [X] No [ ]
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: <u>Motion for Post-Conviction Relief.</u>
Name and location of the court where the motion or petition was filed:
<u>Superior Court of Delaware in and for Kent County, Dover.</u>
Docket or case number (if you know):  <u>0104008670</u>
Date of the court's decision: <u>September 30, 2005.</u>
Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>

4

<u>Relief.</u>
  (3) Did you receive a hearing on your motion or petition?
   Yes [ ] No [X]
  (4) Did you appeal from the denial of your motion or petition?
   Yes [X] No [ ]
  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue
   in the appeal?
   Yes [X] No [ ]
  (6) If your answer to Question (d)(4) is "Yes," state:
  Name and location of the court where the appeal was filed: <u>Supreme</u>
<u>Court of Delaware.</u>
  Docket or case number (if you know): <u>493, 2005</u>
  Date of the court's decision: <u>January 24, 2006</u>
  Result (attach a copy of the court's opinion or order, if available):
<u>Affirmed</u>
  (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
   why you did not raise this issue:  <u>N/A</u>
(e)  Other Remedies: Describe any other procedures (such as habeas
corpus,
  administrative remedies, etc.) that you have used to exhaust your state
  remedies on Ground Two:  <u>N/A</u>


**GROUND THREE:  <u>Due Process-The petitioner was prejudiced during his
direct appeal by not being advised of new briefing date in time to effectuate
appeal and review entire record and Supreme Court rules.</u>**
(a) Supporting facts (Do not argue or cite law. Just state the specific facts
 that support your claim.): <u>The petitioner tried by filing motions to the
Supreme Court of Delaware for several items needed so as to complete his
direct appeal, the petitioner was Pro Se, during this process and should or
been entitled to everything an attorney would have access to, as well as
been notified of the extension granted before the petitioner sent in his
opening brief. Petitioner seeks a direct appeal Nunc Pro Tunc, or to apply
this cause and prejudice to Ground Four.   NOTE: This issue relates to
GROUND FOUR as to the cause and prejudice test.</u>
(b) If you did not exhaust your state remedies on Ground One, explain why:
<u>N/A</u>
(c) Direct Appeal of Ground Three:  <u>N/A, See Post-Conviction Information.</u>
  (1) If you appealed from the judgment of conviction, did you raise this
   issue?
   Yes [ ] No [X]
  (2) If you did not raise this issue in your direct appeal, explain why: <u>This
issue occurred during the direct appeal process and there was no other
means to raise it except by way of Post-Conviction motion.</u>
(d) Post-Conviction Proceedings:
  (1) Did you raise this issue through a post-conviction motion or petition
   for habeas corpus in a state trial court?

Yes [X] No [ ]
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: <u>Motion for Post-Conviction Relief.</u>
Name and location of the court where the motion or petition was filed:
<u>Superior Court of Delaware in and for Kent County, Dover.</u>
Docket or case number (if you know): <u>0104008670</u>
Date of the court's decision: <u>September 30, 2005.</u>
Result (attach a copy of the court's opinion or order, if available): <u>Denied Relief.</u>
(3) Did you receive a hearing on your motion or petition?
Yes [ ] No [X]
(4) Did you appeal from the denial of your motion or petition?
Yes [X] No [ ]
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes [X] No [ ]
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: <u>Supreme Court of Delaware.</u>
Docket or case number (if you know): <u>493, 2005</u>
Date of the court's decision: <u>January 24, 2006</u>
Result (attach a copy of the court's opinion or order, if available):
<u>Affirmed</u>
(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  <u>N/A</u>
(e)  Other Remedies: Describe any other procedures (such as habeas corpus,
administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  <u>N/A</u>

GROUND FOUR: <u>Self Incrimination-Sentencing Court committed plain error by not advising petitioner of the rights he was waiving during his Habitual Offenders hearing, prior to asking the petitioner about his past convictions.</u>
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>Superior Court judge should have informed the petitioner of the consequences at the habitual offenders hearing before allowing the petitioner to state whether or not he qualified as an habitual offender, since there are certain rights that apply to the petitioner at the hearing, it's a functional equivalent to the plea itself. Petitioner seeks to have the habitual offenders adjudication set aside.</u>
(b) If you did not exhaust your state remedies on Ground Four, explain why: <u>N/A</u>
(c) Direct Appeal of Ground Four:  <u>N/A , See Post-Conviction Information.</u>
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why: <u>The Petitioner relates this issue to Ground Three of this petition as bases for cause and prejudice test.</u>

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes [X] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Motion for Post-Conviction Relief.</u>

Name and location of the court where the motion or petition was filed: <u>Superior Court of Delaware in and for Kent County, Dover.</u>

Docket or case number (if you know): <u>0104008670</u>

Date of the court's decision: <u>September 30, 2005.</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied Relief.</u>

(3) Did you receive a hearing on your motion or petition?

Yes [ ] No [X]

(4) Did you appeal from the denial of your motion or petition?

Yes [X] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes [X] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Supreme Court of Delaware.</u>

Docket or case number (if you know): <u>493, 2005</u>

Date of the court's decision: <u>January 24, 2006</u>

Result (attach a copy of the court's opinion or order, if available): <u>Affirmed</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e)  Other Remedies: Describe any other procedures (such as habeas corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>N/A</u>

GROUND FIVE: <u>Abuse of discretion-Post Conviction Court and Appellant Court abused their discretion by not conducting an evidentiary hearing on certain claims raised on Post Conviction.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>The petitioner filed a motion with the post conviction court to conduct an evidentiary hearing, that motion was denied, although there are claims of ineffective counsel, the petitioner raised this issue with the Supreme Court and they affirmed, the abuse of discretion falls within the courts own rules and laws. Petitioner seeks to have an evidentiary hearing.</u>

(b) If you did not exhaust your state remedies on Ground Five, explain why:
N/A
(c) Direct Appeal of Ground Five: N/A
    (1) If you appealed from the judgment of conviction, did you raise this
    issue?
    Yes [ ] No [X]
    (2) If you did not raise this issue in your direct appeal, explain why:
Issue arose after direct appeal.
(d) Post-Conviction Proceedings:
    (1) Did you raise this issue through a post-conviction motion or petition
    for habeas corpus in a state trial court?
    Yes [X] No [ ]
    (2) If your answer to Question (d)(1) is "Yes," state:
    Type of motion or petition: Motion for Post-Conviction Relief.
    Name and location of the court where the motion or petition was filed:
Superior Court of Delaware in and for Kent County, Dover.
    Docket or case number (if you know): 0104008670
    Date of the court's decision: September 30, 2005.
    Result (attach a copy of the court's opinion or order, if available): Denied
Relief.
    (3) Did you receive a hearing on your motion or petition?
    Yes [ ] No [X]
    (4) Did you appeal from the denial of your motion or petition?
    Yes [X] No [ ]
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue
    in the appeal?
    Yes [X] No [ ]
    (6) If your answer to Question (d)(4) is "Yes," state:
    Name and location of the court where the appeal was filed: Supreme
Court of Delaware.
    Docket or case number (if you know): 493, 2005
    Date of the court's decision: January 24, 2006
    Result (attach a copy of the court's opinion or order, if available):
Affirmed
    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
    why you did not raise this issue: N/A
(e) Other Remedies: Describe any other procedures (such as habeas
corpus,
    administrative remedies, etc.) that you have used to exhaust your state
    remedies on Ground Five: N/A


GROUND SIX: Abuse of Discretion-By the Superior Court abused their
discretion to allow a conviction under the habitual offenders act, when the
petitioner was brought to Delaware by use of Interstate Agreement on
Detainers Act.
(a) Supporting facts (Do not argue or cite law. Just state the specific facts

that support your claim.): <u>The petitioner was in the state of Pennsylvania</u>
<u>serving a one and half to three year sentence when the petitioner filed for</u>
<u>Delaware's Interstate Agreement on Detainers, for a detainer out of</u>
<u>Delaware, the petitioner was shortly thereafter transferred to the " receiving</u>
<u>state " from the " sending state " by use of the mentioned agreement, the</u>
<u>petitioner was sentenced under the Habitual Offenders Act although the</u>
<u>Delaware's Interstate Agreement on Detainers act say's, that any petitioner</u>
<u>using this Agreement shall be inapplicable for the Habitual Offenders Act,</u>
<u>Interstate Agreement on Detainees is a Federal question. This matter is of</u>
<u>First Impression in both State and Federal Courts, this question was not</u>
<u>given the proper consideration in State Court Petitioner seeks to vacate</u>
<u>entire sentence for rule of lenity.</u>

(b) If you did not exhaust your state remedies on Ground Six, explain why:
<u>N/A</u>

(c) Direct Appeal of Ground Six: <u>Raised issue on Direct Appeal.</u>

   (1) If you appealed from the judgment of conviction, did you raise this
   issue?
   Yes [X] No [ ]

   (2) If you did not raise this issue in your direct appeal, explain why: <u>N/A</u>

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition
   for habeas corpus in a state trial court?
   Yes [ ] No [X]

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: <u>N/A</u>

   Name and location of the court where the motion or petition was filed:
<u>N/A</u>

   Docket or case number (if you know): <u>N/A</u>

   Date of the court's decision: <u>N/A</u>

   Result (attach a copy of the court's opinion or order, if available): <u>N/A</u>

   (3) Did you receive a hearing on your motion or petition?
   Yes [ ] No [X]

   (4) Did you appeal from the denial of your motion or petition?
   Yes [ ] No [X]

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue
   in the appeal?
   Yes [ ] No [X]

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: <u>N/A</u>

   Docket or case number (if you know): <u>N/A</u>

   Date of the court's decision: <u>N/A</u>

   Result (attach a copy of the court's opinion or order, if available):

   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
   why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas
corpus,

administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: <u>N/A</u>

13.  Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? Yes [X] No [ ]
   If your answer is "No," state which grounds have not been so presented and
   give your reason(s) for not presenting them: <u>N/A</u>

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: <u>N/A</u>

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes [ ] No [X]
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes [ ] No [X]
   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. <u>N/A</u>

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: <u>Petitioner's presence was obtained by Interstate Agreement on Detainer's, Rule 9 applied as to preliminary.</u>

   (b) At arraignment and plea:  <u>Lloyd A. Schmid, Jr., Esq.</u>
                                                    <u>Office of the Public Defender</u>
                                                    <u>Dover, Delaware</u>

   (c) At trial:  <u>Lloyd A. Schmid, Jr., Esq.</u>
                          <u>Office of the Public Defender</u>
                          <u>Dover, Delaware</u>

   (d) At sentencing:  <u>Lloyd A. Schmid, Jr. , Esq.</u>
                                     <u>Office of the Public Defender</u>
                                     <u>Dover, Delaware</u>

   (e) On appeal: <u>Pro Se.</u>

   (f) In any post-conviction proceeding:  <u>Pro Se.</u>

   (g) On appeal from any ruling against you in a post-conviction proceeding:  <u>Pro Se.</u>

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence
   you will serve in the future: <u>N/A</u>
(b) Give the date the other sentence was imposed: <u>N/A</u>
(c) Give the length of the other sentence: <u>N/A</u>
(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [ ] No [X]

18.  TIMELINESS OF PETITION: <u>Petition is filed in a timely manner.</u>

Therefore, petitioner asks that the Court grant the following relief: <u>Any and all relief this Honorable Court feels the petitioner is entitled to.</u>

I, Christopher J. Videtto, declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on <u>20Th</u> day of <u>FeBRuaRY</u>, 2006.

                              (WITHOUT PREJUDICE)

                              Respectfully Submitted,

                              Christopher J. Videtto, Pro Se.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CHRISTOPHER J. VIDETTO,          :

                     Plaintiff,          :

                                         :          **DOCKET NO.**

          V.                             :

WARDEN THOMAS CARROLL,          :

                     Respondent.          :

                                         :

## AFFIDAVIT OF SERVICE

I, Christopher J. Videtto, Petitioner, hereby certify that I mailed via Delaware Corrections Center mail box, (1) one original and (2) copies of my Petition for Habeas Corpus and memorandum of law in support of the same Petition to the Clerk of the District Court and service of (1) one copy to the Attorney General M. Jane Brady and Warden Thomas Carroll to the following addresses listed below:

**Warden Thomas Carroll**
Delaware Corrections Catr
1181 Paddock RD.
Smyrna, DE 19977

**M. Jane Brady, Esq.**
Carvel State Building
820 N. French St.
Wilm. DE. 19801

**Clerk of the District Court**
U.S. Courthouse
844 King St. LockBox 18.
Wilm. De 19801

I, Christopher J. Videtto, Petitioner, hereby certify that the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false I am subject to punishment.

Sworn and subscribed to and before me this _16_ day of _February_, 2006
_____, Notary Public

_____
Christopher J. Videtto, Pro Se.

DAVID J LEONARD
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 4-18-2009

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER J. VIDETTO, | § | |
| | § | |
| Defendant Below- | § | No. 714, 2002 and 8, 2003 |
| Appellant, | § | CONSOLIDATED |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr.A. Nos. IK02-01-0407; 0410 |
| Plaintiff Below- | § | 0412 |
| Appellee. | § | |

Submitted: June 9, 2003
Decided: July 18, 2003

Before **VEASEY**, Chief Justice, **HOLLAND** and **BERGER**, Justices

## O R D E R

This 18th day of July, 2003, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1)    The defendant-appellant, Christopher J. Videtto, filed an appeal from the Superior Court's December 17, 2002 sentencing order and its December 27, 2002 order denying his petition for a writ of habeas corpus.[1] The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgments on the ground that it is manifest on the face of

---

[1] On May 7, 2003, following a hearing in Superior Court, this Court granted Videtto's motion to proceed pro se on appeal and his motion to consolidate his two appeals.

Videtto's opening brief that the appeal is without merit.[2] We agree and affirm.

(2)    The grand jury indicted Videtto on several criminal charges relating to a residential burglary. On December 17, 2002, during the second day of trial, Videtto pleaded guilty as an habitual offender[3] to Burglary in the Second Degree, Conspiracy in the Second Degree and Theft of a Firearm. He was sentenced to a total of 20 years incarceration at Level V, to be suspended after 15 years for 1½ years of decreasing levels of probation. Videtto subsequently filed a petition for a writ of habeas corpus, which was denied by the Superior Court on December 27, 2002.

(3)    In this consolidated appeal, Videtto raises nine claims that can fairly be summarized as follows: a) he was coerced by the police, the Superior Court, the prosecution and his own counsel into pleading guilty; b) he should not have been declared an habitual offender in the absence of evidence to support that finding and because he had been extradited from another state; and c) his counsel provided ineffective assistance by permitting him to plead guilty as an habitual offender. Videtto offers no

---

[2]SUPR. CT. R. 25(a).

[3]DEL. CODE ANN. tit. 11, § 4214(a) (2001).

2

argument concerning the Superior Court's denial of his petition for a writ of habeas corpus.

(4)    Videtto's claim that his guilty plea was involuntary is refuted by the record. The plea agreement, the guilty plea form and the transcript of the plea colloquy all clearly reflect that Videtto understood the nature of the plea and its consequences, understood that he was waiving his right to an appeal, was satisfied with the representation provided by his counsel and knowingly and intelligently entered the plea. Absent clear and convincing evidence to the contrary, Videtto is bound by the representations he made at the time the plea was entered.[4] To the extent Videtto claims that he was "coerced" into pleading guilty because of events that occurred prior to the entry of the plea, that claim is also without merit. A voluntary guilty plea serves as a waiver of any such claim of error.[5]

(5)    Videtto's claim that his habitual offender status was improperly accepted by the Superior Court in the absence of any evidence of past convictions is without merit. Videtto agreed during the guilty plea proceedings that he qualified for habitual offender status. The plea agreement contained the stipulation that Videtto was an habitual offender.

---

[4]*Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[5]*Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988).

3

Moreover, following the plea colloquy, the Superior Court conducted a hearing on Videtto's status as an habitual offender. The judge listed three prior New Jersey convictions and asked Videtto, "Are these convictions accurate . . . ?" Videtto replied, "Yes, sir." Videtto, thus, voluntarily admitted to the accuracy of the judge's recitation of his past convictions and to his status as an habitual offender.

(6) Videtto's claim that he could not be sentenced as an habitual offender because he had been extradited from another state also is without merit. The Superior Court has discretion to sentence an extradited defendant as an habitual offender[6] and there is no evidence in the record that the Superior Court abused its discretion in sentencing Videtto.

(7) Videtto claims that his counsel provided ineffective assistance by permitting him to plead guilty. This Court will not consider claims of ineffective assistance of counsel that are raised for the first time on direct appeal.[7] Accordingly, we decline to review this claim.

(8) Videtto's appeal from the Superior Court's denial of his petition for a writ of habeas corpus is also before us for review. Because Videtto has failed to provide any argument relating to the claim, however, he has waived

---

[6]DEL. CODE ANN. tit. 11, § 2549; *Harris v. State*, Del. Supr., No. 457, 1999, Hartnett, J. (May 23, 2000) (citing *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992)).

[7]*Wright v. State*, 513 A.2d 1310, 1315 (Del. 1986).

4

his right to pursue it in this appeal.[8] The claim is without merit in any case, since there is no evidence in the record justifying the issuance of a writ of habeas corpus.[9]

(9)    It is manifest on the face of Videtto's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[8]*Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[9]*Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

*Recieved*
*October*
*5th*

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| v. | ) | IK02-01-0407 R1 |
| | ) | IK02-01-0410 R1 |
| **CHRISTOPHER J. VIDETTO** | ) | IK02-01-0412 R1 |
| (ID. No. 0104008670) | ) | |
| | ) | |
| Defendant. | ) | |

*Submitted: June 7, 2005*
*Decided:   September 30, 2005*

James J. Kriner, Esq., Department of Justic, Dover, Delaware. Attorney for the State.

Christopher J. Videtto, *Pro se*.

*Upon Consideration of Defendant's*
*Motion for Postconviction Relief*
*Pursuant to Superior Court Criminal Rule 61*

**VAUGHN, President Judge**

Exhibit A

*State v. Christopher J. Videtto*
ID. No. 0104008670
September 30, 2005

## ORDER

Upon consideration of defendant's Motion For Postconviction Relief, the Commissioner's Report and Recommendation, appeal from Commissioners Report and Recommendation, and the record in this case, it appears:

1. On December 17, 2002, the defendant pled guilty to Burglary in the Second Degree, 11 *Del. C.* § 825; Theft of a Firearm 11 *Del. C.* § 1451; and Conspiracy in the Second Degree, 11 *Del. C.* § 512. In addition, he also stipulated to the fact that he was eligible to be sentenced as an Habitual Offender until 11 *Del. C.* 4214(a). The Court sentenced the defendant to 15 year incarceration followed by various levels of probation. In exchange, the State entered an *nolle prosequi* on his remaining charges which consisted of two counts of Felony Theft from a Senior Citizen, 11 *Del. C.* § 814; one additional count of Theft of a Firearm; and one count of Criminal Mischief, 11 *Del. C.* § 811(a)(1).

2. The defendant filed a writ of habeas corpus with this Court which was denied on December 27, 2002. The defendant then filed an appeal with the Delaware Supreme Court which ultimately affirmed his conviction and sentence. Next, the defendant filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. Twelve grounds for relief were raised in the defendant's motion and are as follows: grounds one through seven and 11 alleged ineffective counsel; grounds eight and 12 allege due process; and grounds nine and ten allege plain error.

3. The Motion for Postconviction Relief was referred to the Court Commissioner Andrea M. Freud for proposed findings and recommendation pursuant

2

*State v. Christopher J. Videtto*
ID. No. 0104008670
September 30, 2005

to 10 *Del. C.* § 512(b)(1)(b) and Superior Court Criminal Rule 61(a)(5).

4.   The defendant was facing life in prison if convicted and sentenced. Counsel was able to negotiate a plea of 15 years incarceration and when the defendant entered his guilty plea he stated on the record that he was "very satisfied" with counsel's representation.   Unless the defendant presents convincing evidence otherwise, he is therefore bound by his statement . In addition, he failed to establish any concrete prejudice suffered and that had he gone to trial he would have been acquitted. I find counsel's representation to be competent and reasonable and that the plea was entered into knowingly and voluntarily by the defendant. In respect to the habitual offender status, the defendant basically raised this on direct appeal to the Delaware Supreme Court which found the ground to be meritless. Therefore, because the ground was raised earlier it is barred by Rule 61(i)(4) as previously adjudicated and cannot be reconsidered unless it is warranted in the interest of justice, which the defendant has failed to do. The remaining grounds which the defendant alleges are all barred by Rule 61(i)(3). The defendant failed to raise them on direct appeal, made no attempt to justify why he failed to raise them, and failed to allege any prejudice suffered as a result thereof.   The Commissioner ultimately recommended that the Court deny the defendant's motion as procedurally barred by Rule 61(i)(3) and (4).

5.   A copy of the Commissioner's report dated November 29, 2004 is attached hereto. On May 6, 2005 the defendant filed an Appeal From Commissioner Report and Recommendation which I have reviewed.   In his appeal the defendant again alleges that his counsel was ineffective and claimed that counsel admitted to misleading the defendant and misrepresenting facts material in the case, which

3

*State v. Christopher J. Videtto*
ID. No. 0104008670
September 30, 2005

ultimately led to the defendant pleading guilty. The defendant refers to counsel's
affidavit, which I have reviewed. I find no evidence of any admission by counsel
that he mislead or misrepresented any material fact in the case. The Court finds
counsel's affidavit to be more creditable and that the defendant merely restates his
claims originally raised in his motion for postconviction relief.

**NOW, THEREFORE, IT IS ORDERED** that:

a.   Having conducted a *de novo* review of the proceedings I adopt the well-
reasoned Commissioner's Report and Recommendation;

b.   The defendant's Motion for Postconviction Relief is *denied.*

President Judge

oc:   Prothonotary
cc:   Hon. Andrea M. Freud
      James J. Kriner, Esq.
      Christopher J. Videtto
      File

4

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | IK02-01-0407-WR1 |
| | ) | IK02-01-0410-WR1 |
| CHRISTOPHER J. VIDETTO | ) | IK02-01-0412-WR1 |
| | ) | |
| Defendant. | ) | |
| ID. No. 0104008670 | ) | |

James J. Kriner, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Mr. Christopher J. Videtto, *pro se.*

### COMMISSIONER'S REPORT AND RECOMMENDATION

#### Upon Defendant's Motion for Postconviction Relief
#### Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
November 29, 2004

The Defendant, Christopher J. Videtto, ("Videtto"), pled guilty on December 17, 2002, to one count of Burglary in the Second Degree, 11 *Del. C.* § 825; one count of Theft of a Firearm 11 *Del.C.* § 1451; and one count of Conspiracy in the Second Degree, 11 *Del. C.* § 512. Videtto was also facing two counts of Felony Theft from a Senior Citizen, 11 *Del. C.* § 814; one additional

*State v. Videtto*
ID No. 0301013593
November 29, 2004

count of Theft of a Firearm; and one count of Criminal Mischief, 11 *Del. C.* § 811(a)(1). In exchange for Videtto's plea and his stipulation that he was eligible to be sentenced as an Habitual Offender pursuant to 11 *Del. C.* § 4214(a), the State entered a *nolle prosequi* on the remaining charges[1] and agreed to recommend a sentence of twenty years incarceration, suspended after serving fifteen years, for probation. Due to his Habitual Offender status under 11 *Del. C.* 4214(a), Videtto was facing life incarceration had he gone to trial and been found guilty. The Court agreed with the recommendation in the Plea Agreement, and sentenced Videtto to fifteen years of incarceration, followed by probation. Had Videtto gone to trial and been convicted as charged, he would have faced Life in prison due to his extensive violent criminal record. Next, Videtto filed a Petition for a Writ of Habeas Corpus which this Court denied on December 27, 2002.

A timely Notice of Appeal was filed after Videtto was granted permission of the Court to proceed *pro se* on appeal. In his direct appeal, Videtto raised nine claims which the Supreme Court summarized as follows;

> a) he was coerced by the police, the Superior Court, the prosecution and his own counsel into pleading guilty; b) he should not have been declared an habitual offender in the absence of evidence to support that finding and because he had been extradited from another state; and c) his counsel provided ineffective assistance by permitting him to plead guilty as an

---

[1]    The State also agreed not to prosecute several other unrelated theft charges then pending against Videtto.

2

*State v. Videtto*
ID No. 0301013593
November 29, 2004

> habitual offender.  Videtto offers no argument concerning the
> Superior Court's denial of his petition for a writ of habeas
> corpus.[2]

The Supreme Court granted the State's motion to affirm as to all of Videtto's claims.[3]  The Court noted that it generally will not consider ineffective assistance of counsel claims on direct appeal.  However, the Court noted that to the extent that Videtto claimed his plea was involuntary due to counsel's representation, the record did not support his claim.    The Supreme Court likewise noted that Videtto's voluntary plea of guilty constituted a waiver of any alleged defects or errors occurring prior to the plea.[4] Additionally, the Supreme Court found that Videtto's claims concerning his Habitual Offender status were without merit.[5]  Finally, the Supreme Court found that Videtto had waived any appeal concerning the denial of his *habeas* petition. Additionally the Court noted that any such claim would be meritless.

Next, Videtto filed the instant motion for postconviction relief pursuant to Superior Court Rule 61. In his motion, he raises the following twelve grounds for relief:

---

2    *Videtto v. State*, 2003 WL 21692214, at *1 (Del. Supr.).

3    *Id.*

4    *Id.*

5    *Id* at *2.

3

*State v. Videtto*
ID No. 0301013593
November 29, 2004

Ground One: Ineffective counsel. Defendant was denied effective counsel by counsel recommending that the defendant plead guilty to enhanced sentence where counsel failed to investigate criminal record. New trial.

Ground Two: Ineffective counsel. Defendant was denied effective counsel by counsel not acquainting Defendant with the essential nature of the Habitual Offenders hearing in violating right to remain silent. New trial.

Ground Three: Ineffective counsel. Defendant was denied effective counsel by failing to object when Judge asked Defendant about prior record before advising Defendant of rights. New trial.

Ground Four: Ineffective counsel. Defendant was denied effective counsel by counsel failing to assure Plea was knowing, voluntarily and understandingly(sic) entered. New trial.

Ground Five: Ineffective counsel. Defendant was denied effective counsel by counsel overbearing the will of the Defendant to plead guilty. New trial.

Ground Six: Ineffective counsel. Defendant was denied effective counsel by counsel not preserving appeal of suppression hearing which resulted in conviction due to an unconstitutionaly (sic) obtained statement. New trial.

Ground Seven: Ineffective counsel. Defendant was denied effective counsel where counsel had Defendant plead guilty to an ambiguous statute. New trial.

4

*State v. Videtto*
ID No. 0301013593
November 29, 2004

Ground Eight: Due Process. Defendant was prejudiced during direct appeal by not being advised of new briefing date in time to affectuate (sic) appeal and review entire record and rules of court. Appeal *Nunc Pro Tunc* should be granted.

Ground Nine: Plain error - self incrimination by Court not advising Defendant of rights during Habitual Offenders hearing, before asking Defendant about prior convictions. Habitual Offenders adjudication should be vacated.

Ground Ten: Plain error - Rule 11 by Court not advising Defendant of issues he is waiving prior to acceptance of taking a plea. Plea not knowing, voluntarily or understandily (sic) entered. New trial.

Ground Eleven: Ineffective counsel. Defendant was denied effective counsel when counsel failed to disclose plea consisted to being habitual offender. Counsel would only state: If you go to trial they will give you life under Habitual Offender. New trial.

Ground Twelve: Due Process. Court violated due process clause by failing to state law procedure, in which Petitioner had constitutionally protected interest, for determining applicability of Habitual Offender sentence. Habitual Offenders and sentence should be vacated.

Under Delaware law this Court must first determine whether Videtto has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may

5

*State v. Videtto*
ID No. 0301013593
November 29, 2004

consider the merits of his postconviction relief claim.[6] This is Videtto's first motion
for postconviction relief and it was filed within three years of his conviction
becoming final, so the requirements of Rule 61(i)(1) - requiring filing within three
years - and (2) - requiring that all grounds for relief be presented in the initial Rule
61 motion - are met. To the extent Videtto's claims were not raised at the plea,
sentencing, or on direct appeal, they are barred by Rule 61(i)(3) absent a
demonstration of cause for the default and prejudice. Several of Videtto's
contentions are based on ineffective assistance of counsel; therefore, he has alleged
cause for his failure to have raised these claims earlier.

Rule 61(i)(3) does not bar relief at this point as to Videtto's ineffective
assistance of counsel claims should he demonstrate that his counsel was ineffective
and that he was prejudiced by counsel's actions. To prevail on his claims of
ineffective assistance of counsel, Videtto must meet the two prong test of *Strickland
v. Washington*.[7] In the context of a guilty plea challenge, *Strickland* requires a
defendant show that: 1) counsel's representation fell below an objective standard
of reasonableness; and 2) counsel's actions were prejudicial to him in that there is
a reasonable probability that, but for counsel's error, he would not have pled guilty
and would have insisted on going to trial, and that the result of a trial would have

---

[6]    *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552,
554 (Del. 1990).

[7]    466 U.S. 668 (1984); *Larson v. State*, 1995 WL 389718 (Del. Supr.); *Skinner v.
State*, 607 A.2d 1170, 1172 (Del. 1992); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

6

*State v. Videtto*
ID No. 0301013593
November 29, 2004

been his acquittal.[8] The failure to establish that a defendant would not have plead
guilty and would have proceeded to trial is sufficient cause for denial of relief.[9] In
addition, Delaware courts have consistently held that in setting forth a claim of
ineffective assistance of counsel, a defendant must make concrete allegations of
actual prejudice and substantiate them or risk summary dismissal.[10]    When
examining the representation of counsel pursuant to the first prong of the *Strickland*
test, there is a strong presumption that counsel's conduct was professionally
reasonable.[11] This standard is highly demanding.[12] *Strickland* mandates that when
viewing counsel's representation, this Court must endeavor to "eliminate the
distorting effects of hindsight."[13]

Following a complete review of the record in this matter, it is abundantly
clear that Videtto has failed to allege any facts sufficient to substantiate his claim
that his attorney was ineffective. I find counsel's affidavit, in conjunction with the

---

[8]    *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *see Strickland*, 466 U.S. at 688, 694;
*accord Larson*, 1995 WL 389718; *Blanchfield v. State*, 1994 WL 590536 (Del. Supr.); *Skinner*,
607 A.2d at 1172; *Albury*, 551 A.2d at 58.

[9]    *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[10]    *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 WL 91138, at *2 (Del. Supr.).

[11]    *Albury*, 551 A.2d at 59 (*citing Strickland*, 466 U.S. 689); *see also Larson*, 1995
WL 389718, at *1; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[12]    *Flamer*, 585 A.2d at 754.

[13]    *Strickland*, 466 U.S. at 669.

7

*State v. Videtto*
ID No. 0301013593
November 29, 2004

record, more credible than Videtto's contention that his counsel's representation was ineffective. Videtto was facing trial on several serious charges and risked being sentenced to life if found guilty. Videtto's counsel was able to negotiate a plea bargain with the State which resulted in only fifteen years of incarceration. Videtto and his attorney discussed the case prior to the entry of the plea. The case against Videtto was strong. In fact, Videtto confessed to the crime. The plea bargain was clearly advantageous to Videtto. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Videtto entered his guilty plea, he stated he was "very satisfied"[14] with defense counsel's performance. He is bound by his statement unless he presents clear and convincing evidence to the contrary.[15] Consequently, Videtto has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Videtto was somehow deficient, Videtto must satisfy the second prong of the *Strickland* test, prejudice.[16] In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk

---

[14]    Transcript Guilty plea at page 8.

[15]    *State v. Knox*, 2003 WL 751182, at *2 (Del. Super.); *Blanchfield*, 1994 WL 590536, at *1 (Del. Supr.); *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994).

[16]    I note given the Supreme Court's determination on direct appeal that Videtto's plea was voluntary that it is virtually impossible to find prejudice.

8

*State v. Videtto*
ID No. 0301013593
November 29, 2004

dismissal.[17]  In an attempt to show prejudice, Videtto simply asserts that his counsel misinformed him.  Videtto does not show that had he gone to trial that he would have been acquitted.  This statement is insufficient to establish prejudice.

      To the extent that Videtto alleges his plea was involuntary, the record clearly contradicts such an allegation as noted by the Supreme Court in Videtto's appeal. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to the plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[18]  At the guilty-plea hearing, the Court asked Videtto whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Videtto if he understood he would waive his constitutional rights if he pled guilty, if he understood each of the constitutional rights listed on the guilty-plea form, and whether he gave truthful answers to all the questions on the form.    The Court asked Videtto if he had discussed the guilty plea and its consequences fully with his attorney.  The Court asked Videtto if he was giving the plea of his own free will because he was in fact guilty.  The Court also asked Videtto if he was satisfied with his counsel's representation.  Finally, the Court asked Videtto if he was in fact guilty of the charge.  Videtto answered each of these questions clearly and affirmatively.  The Court also asked if anyone had forced or

---

[17]    *Larson*, 1995 WL 389718, at *2; *Younger*, 580 A.2d at 556.

[18]    *See Godinez v. Moran*, 509 U.S. 389, 400 (1983).

9

*State v. Videtto*
ID No. 0301013593
November 29, 2004

threatened him into entering the plea, to which he replied "No, Sir".[19]

Furthermore, prior to entering his guilty plea, Videtto filled out a Guilty Plea Form in his own handwriting. Videtto wrote that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charge listed in the plea agreement. Videtto is bound by the statements he made on the signed Guilty Plea Form unless he proves otherwise by clear and convincing evidence.[20] I confidently find that Videtto entered his guilty plea knowingly and voluntarily and that this ground for relief is completely meritless.

Additionally, the claims concerning his guilty plea and his Habitual Offender status are substantially similar to the issues he personally raised in his direct appeal and which the Supreme Court found meritless. To the extent the claims have been raised earlier, they are barred by Rule 61(i)(4). Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[21] Videtto did not challenge the Supreme Court's ruling.

---

[19]     Guilty Plea Tr., at 5-8.

[20]     *Somerville*, 703 A.2d at 632; *see also Hickman v. State*, 1994 WL 590495 (Del. 1994); *Smith v. State*, 1990 WL 1475 (Del. Supr.); *Sullivan*, 636 A.2d at 938 (ruling the fact that defendant filled out Truth In Sentencing Guilty Plea Form in defendant's own handwriting supported the Superior Court's conclusion that defendant's decision to plead guilty was knowing and voluntary).

[21]     Super. Ct. Crim. R. 61(i)(4).

10

*State v. Videtto*
ID No. 0301013593
November 29, 2004

Videtto has made no attempt to argue why reconsideration of these claims is warranted in the interest of justice. The "interest of justice" exception of Rule 61(i)(4) has been narrowly defined to require that the movant "show . . . subsequent legal developments have revealed that the trial court lacked the authority to convict or punish him."[22]

Turning briefly to each of Videtto's claims in which he does not allege ineffective assistance of counsel, I find that each of these claims are barred by Rule 61(i)(3) for Videtto's personal failure to have raised them on appeal. Videtto makes no attempt to explain to this Court why he failed to raise these claims on his appeal nor has Videtto alleged any clear prejudice resulting from the alleged inaction. Therefore he has clearly failed to cross the procedural bar of Rule 61(i)(3) by not demonstrating cause and prejudice. As such, these claims should be denied by the Court.

I find that Videtto's counsel represented him in a competent and effective manner and that Videtto has failed to demonstrate any prejudice stemming from the representation. I also find that Videtto's guilty plea was entered knowingly and voluntarily. Finally, I find that Videtto has failed to overcome the bars of Rule 61(i). Consequently, I recommend that the Court *deny* Videtto's motion for postconviction relief as procedurally-barred by Rule 61(i)(3) and (4). This Court is not required to reconsider Videtto's claims simply because they are "refined or

---

[22]     *Weedon v. State,* 750 A.2d 521, 527 (Del. 2000); *Flamer,* 585 A.2d at 746.

11

*State v. Videtto*
ID No. 0301013593
November 29, 2004

restated."[23] For this reason, Videtto's claims should be dismissed as previously adjudicated under Rule 61(i)(4).


_____
Commissioner Andrea M. Freud

oc:    Prothonotary
cc:    Hon. James T. Vaughn, Jr.
       James J. Kriner, Esq. (New Castle Co.)
       Lloyd A. Schmid, Jr., Esq.
       Christopher J. Videtto, DCC
       File

---

[23]    *Skinner,* 607 A.2d at 1172 (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

12

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. VIDETTO, | § |
| | § |
| Defendant Below- | § No. 493, 2005 |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| STATE OF DELAWARE, | § in and for Kent County |
| | § Cr. ID 0104008670 |
| Plaintiff Below- | § |
| Appellee. | § |

Submitted: November 29, 2005
Decided:    January 24, 2006

Before **STEELE**, Chief Justice, **HOLLAND**, and **BERGER**, Justices.

## O R D E R

This  24th day of January 2006, upon consideration of the appellant's

opening brief, the State's motion to affirm, and the record below, it appears

to the Court that:

(1)    The defendant-appellant, Christopher Videtto, filed this appeal

from the Superior Court's denial of his first motion for postconviction relief.

The State of Delaware has filed a motion to affirm the Superior Court's

judgment on the ground that it is manifest on the face of Videtto's opening

brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that in December 2002, on the second day of

his jury trial, Videtto pled guilty as an habitual offender to one count each of

second degree burglary, second degree conspiracy, and theft of a firearm. The Superior Court immediately sentenced him to twenty years at Level V incarceration to be suspended after serving fifteen years for decreasing levels of supervision. Videtto appealed and also filed a petition for a writ of habeas corpus. This Court affirmed Videtto's convictions and sentence as well as the Superior Court's denial of habeas corpus relief.[1]  Thereafter, Videtto filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61, which the Superior Court denied. This appeal followed.

(3)    Videtto raises five issues in his opening brief on appeal.[2] First, he argues that he was denied the effective assistance of counsel because his attorney failed to assure that Videtto knowingly and voluntarily entered his guilty plea. Second, Videtto claims he was denied the effective assistance of counsel because his attorney failed to counsel him about "the essential nature of the habitual offenders hearing." Third, Videtto claims he was prejudiced in his direct appeal because he was not advised of the briefing schedule and was unable to review the entire record. Fourth, Videtto asserts that the sentencing court committed plain error by not advising him of his

---

[1] *Videtto v. State*, 2003 WL 21692214 (Del. July 18, 2003).

[2] Videtto raised twelve issues in the postconviction motion he filed in the Superior Court. To the extent Videtto failed to raise all of these issues in his opening brief on appeal, those claims not raised in the opening brief have been waived. *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997).

rights during the habitual offender hearing. Finally, Videtto contends that the Superior Court erred in denying his motion for postconviction relief without holding a hearing.

(4)    We review the Superior Court's denial of a postconviction motion under Rule 61 for abuse of discretion.[3]  In order to establish a claim of ineffective assistance of counsel, a defendant must establish that: (i) counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's ineffectiveness, there is a reasonable probability that he would not have pled guilty but would have insisted on going to trial.[4]

(5)    With respect to the first two issues on appeal, which challenge the effectiveness of Videtto's trial counsel during the guilty plea and habitual offender hearings, this Court held on direct appeal that Videtto had entered his guilty plea knowingly and voluntarily and that Videtto was eligible for habitual offender sentencing under Delaware law.[5]  Given these findings, we find no merit to Videtto's contention that his trial counsel was constitutionally ineffective because Videtto cannot establish any prejudice.

(6)    Videtto's third claim is that his direct appeal was defective because he was denied access to certain documents and court rules he

---

[3] *Outten v. State*, 720 A.2d 547, 551 (Del. 1998).

[4] *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992).

[5] *Videtto v. State*, 2003 WL 21692241 (Del. July 18, 2003).

3

needed in order to pursue his claims on appeal. We find no merit to this contention. The record in Videtto's direct appeal reflects that Videtto knowingly and voluntarily waived his right to counsel on appeal and asserted his right to represent himself. Videtto was informed of the hazards of self-representation and acknowledged his responsibility for complying with all of the court's rules. To the extent Videtto found it difficult to comply with the court's rules or to get timely access to materials, those were some of the risks he accepted in waiving his right to appellate counsel.

(7)   Videtto next alleges that the Superior Court erred by not advising him of his right against self-incrimination before asking him questions about his prior record at the habitual offender hearing. Videtto did not raise this issue in the proceedings leading to the judgment of conviction. Accordingly, this claim is now procedurally barred unless Videtto can establish cause for the procedural default and prejudice.[6] In this case, Videtto stipulated that he had three prior burglary convictions in New Jersey. Under the circumstances, he cannot establish any prejudice from the Superior Court's questioning of him during the habitual offender hearing.[7] Accordingly, we find no merit to this contention.

---

[6] DEL. SUPER. CT. CRIM. R. 61(i)(3).

[7] *See Blackwell v. State*, 736 A.2d 971, 973 (Del. 1999).

4

(8)    Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated September 20, 2005, which adopted the findings and recommendation of the Superior Court Commissioner dated November 29, 2004.    The Superior Court did not err in concluding that Videtto's claims were procedurally and substantively without merit.    Accordingly, we find no abuse of discretion in the Superior Court's summary disposition of Videtto's petition without holding a hearing.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[8] *See Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

UNITED STATES

CLERK OF DISTRICT OF DELAWARE
U.S. COURTHOUSE
844 KING ST. LOCKBOX 18,
WILMINGTON, DE. 19801

CHRISTOPHER J. VIDETTO
# 165188
P.O. BOX 90431
CAMDEN, N.J. 08101

U.S.M.S.
X-RAY

