ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHRISTOPHER J. VIDETTO,

    Plaintiff,

    V.

WARDEN THOMAS CARROLL,

    Respondent.

:
:
:
:
:
:
:

DOCKET NO.    06 - 111

```
┌─────────────────────────┐
│      F I L E D           │
│  ┌───────────────────┐   │
│  │   FEB 2 1 2006     │   │
│  └───────────────────┘   │
│   U.S. DISTRICT COURT    │
│   DISTRICT OF DELAWARE   │
└─────────────────────────┘
```

### PETITION UNDER 28 U.S.C. § 2254
### FOR WRIT OF HABEAS CORPUS BY A
### PERSON IN CUSTODY

---

### APPENDIX

---

M. JANE BRADY, ESQ.
ATTORNEY GENERAL
CARVEL STATE BUILDING
820 FRENCH ST.
WILMINGTON, DE. 19801

CHRISTOPHER J. VIDETTO, PRO SE.
INMATE NO. 492696
DELAWARE CORRECTIONS CENTER
1181 PADDOCK RD.
SMYRNA, DE. 19977

DATED: 2/20/06

## TABLE OF CONTENTS

AFFIDAVIT OF FORMER COUNSEL.........................................A-1 THRU A-4

DISCOVERY MATERIAL          ........................................A-5 THRU A11

PLEA TRANSCRIPTS AND HABITUAL HEARING   ..................A-12 THRU A-29

SUPREME COURT ORDER        ...............................:......A-30 THRU A-32

SUPREME COURT DOCKET SHEET        ........................A-33 THRU A-39

SUPERIOR COURT DOCKET SHEET        ........................A-40 THRU A-45

Rec
7/19/04

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| STATE OF DELAWARE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | ID. No. 0104008670 |
| v. | * | |
| | * | |
| CHRISTOPHER J. VIDETTO, | * | |
| | * | |
| | * | |
| Defendant. | * | |

## AFFIDAVIT OF LLOYD A. SCHMID, jr., ESQUIRE

BE IT REMEMBERED that on this /4th day of July, 2004, personally appeared before me a Notary Public for the State of Delaware, Lloyd A. Schmid, jr., Esquire, who stated the following:

1. This Affidavit is being filed pursuant to an Order of Commissioner Andrea Maybee, that I respond to the portions of the defendant's Motion alleging ineffective assistance of counsel pursuant to Rule 61(g)(2).

2. Affiant responds seriatum to the allegations against him.

(1) Although Videtto has withdrawn Ground One, Affiant will answer, as the information will have some bearing on the balance of the responses.

(a) Videtto originally alleged that Affiant was ineffective in that he recommended that Videtto take a plea as an Habitual Offender without first investigating Videtto's criminal record. Videtto's criminal history was disclosed to Affiant and Videtto by the State. That is the only sure way that Affiant could obtain information concerning Videtto's out-of-state record, EXCEPT as that information might be otherwise related to Affiant by Videtto.

(b) It should also be pointed out that only Videtto's New Jersey convictions were referenced in the Plea Colloquy, while none of his Pennsylvania convictions were raised by the state. (See

A -1



Transcript of Plea Agreement, 12/17/02 p. 9, attached hereto, and incorporated by reference herein) In Pennsylvania, it appeared that he also had Burglary-related convictions on his record. (See printout of Videtto Criminal History, as provided by State)

(2) Affiant discussed with Videtto the consequences of pleading and being sentenced as an Habitual Offender.

(a) Prior to the beginning of trial, Affiant discussed with Videtto the fact that his fingerprint was found in the burglarized residence, which residence he otherwise had no lawful connection with. Also, he gave a complete written confession to the police regarding the burglary, which confession he signed. Affiant reviewed with Videtto the likely impact of this kind of evidence on the outcome of the trial.

(b) Videtto was scheduled to begin trial on the day of his plea. A hearing had been held the day before on the Suppression Motion which Affiant had filed in the case, which motion had been denied by the Court, and a jury had already been selected.

(c) The State's evidence notwithstanding, Videtto initially resisted any kind of plea discussion. The process required extensive negotiation with the Deputy AG in order to work out a deal.

(c) At the time of the plea colloquy, Videtto was asked about his discussions with his attorney:

THE COURT: Have you discussed these matters fully with your attorney?

THE DEFENDANT: Yes, sir. *At length*, yes, sir. (Emphasis added)

THE COURT: Are you satisfied he's done all he can reasonably do for you?

THE DEFENDANT: *Very satisfied.* (Emphasis added)

See Transcript at 8.

$A - \partial$



(d) At the time of the negotiation, the State was adamant that Videtto stipulate that he was an Habitual Offender. That was a necessary part of the deal, without which there would be no Plea Offer. All of that was explained to Videtto.

(3) Affiant had no reason to object to the questioning of Videtto by the Court concerning Videtto's past record. Videtto had already knowingly entered into his stipulation with the State regarding his status as an Habitual Offender as a part of the plea bargain. The Court convened a hearing on Videtto's status at the conclusion of the plea colloquy. See, Transcript at 9-10. Videtto's past criminal history was a matter of record. The State presented significant portions of that record to the Court.

(4) Affiant was confident that Videtto was aware of the rights which he was waiving by entering the plea. It was the scheduled trial date -- Videtto knew that his statement was going to come into evidence -- Videtto knew that evidence of his fingerprint being found in the burglarized residence would be admitted -- Videtto knew what his choices were. The Court reviewed Videtto's rights with him before accepting the plea. See, generally, Transcript of Plea Agreement.

(5) Affiant acknowledges extensive discussion with Videtto, but denies overbearing pressure.

(a) Videtto was aware of the trial status and the fact that a jury had been selected and was waiting to hear the evidence, was aware of the evidence against him, including the fingerprint evidence and his written confession to the police, the status of his criminal history, and the fact that our motion to suppress his statement had been denied by the Court after a hearing.

(b) Beyond the stress which the above-noted facts would engender, Affiant was unaware of any particularized duress or other compulsion which Videtto maintains that he was under at the time of the plea which would have rendered Videtto unable to appreciate the gravity of his situation, vis-

A-3



a-vis his pending trial.

(6) Allegation Six withdrawn by Videtto.

(7) Affiant does not have sufficient information to adequately address this allegation.

(8) Affiant is uncertain as to Videtto's meaning in this allegation. Following Videtto's filing of his Notice of Appeal, *pro se*, the Supreme Court ordered that Affiant perfect an appeal of the guilty plea. Affiant accomplished this. Following this, Videtto filed a motion to proceed *pro se*, which request was granted by the Supreme Court after remand and a hearing before the Superior Court.

(9) Affiant has nothing to address.

(10) Affiant has nothing to address.

(11) Ground Eleven was withdrawn by Videtto.

(12) Affiant has nothing to address.

Lloyd A. Schmid, jr., Esquire
Assistant Public Defender
Public Defender's Office
Sykes Building
45 The Green
Dover, DE 19901

SWORN TO AND SUBSCRIBED before me this _____ day of July, 2004.

Attorney-at-Law

cc:    James Kriner, Esquire
       Prothonotary - Criminal Division
       Christopher Videtto

A - 4





**M. JANE BRADY**
ATTORNEY GENERAL

## STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO :**    *KENT COUNTY*

December 6, 2002

Lloyd Schmid, Esq.
Public Defender's Office
45 The Green
Dover, DE 19901

>           RECEIVED
>           DEC 0 9 2002
>           BY:

     **RE:   State v. Christopher Videtto**
           **I.D. No. 0104008670**

Dear **Mr.** Schmid:

     Pursuant to Superior Court Criminal Rule 16, the following information concerning the above-captioned case is being supplied:

1.    Rule 16(a)(1)(A): Relevant written, recorded or oral statements made by defendant or any juvenile or adult co-defendant in response to interrogation by a person then known by the defendant or co-defendant to be a state agent:

     See enclosed police reports.

2.    Rule 16(a)(1)(B): Defendant's Prior Record.

     A copy of the defendant's prior criminal record will be furnished upon request, at the Department of Justice.

3.    Rule 16(a)(1)(C): Documents and Tangible Objects.

     Inspection of documents and tangible objects will be permitted upon reasonable notice, during normal business hours. Please contact my office to arrange for a mutually convenient time for inspection.

A-5

Page 2
February 19, 2002

4.     Rule 16(a)(1)(D): Reports of Examination and Tests.

       The police found latent prints at the scene of the alleged crime, A copy of the SBI report
       will be provided prior to trial.

5.     Rule 16(a)(1)(E): Expert Witnesses.

       Evidence that may be the subject of expert testimony is currently undergoing analysis.
       Reports of such analysis will be made available to you prior to trial. I expect that the
       author of any such report will testify consistently with the conclusions set forth in the
       report.

6.     State's Reciprocal Discovery Request:

       a.     An opportunity to inspect and copy or photograph any books, papers, documents,
       photographs, tangible objects, or copies or portions thereof, which are within the
       possession, custody or control of the defendant and which the defendant intends to
       introduce as evidence in chief at trial.

       b.     An opportunity to inspect and copy or photograph any results or reports of physical
       or mental examinations and of scientific tests or experiments made in connection with the
       case, or copies thereof, which are within the possession or control of the defendant and
       which the defendant intends to introduce as evidence in chief at trial, or which were
       prepared by a witness whom the defendant intends to call at the trial when the results or
       reports related to that witness' testimony.

       c.     Disclosure of any evidence which the defendant may present at trial under Rules
       702, 703, or 705 of the Delaware Uniform Rules of Evidence, including the identify of the
       witness and the substance of the opinions to be expressed.

8.     Plea Offer:

       The State will make a plea offer at case review.

A-6

Page 3
February 19, 2002

Please be advised that this discovery response, together with any acknowledgments or information to be supplied when received, constitute the State's entire response to its discovery obligations under Rule 16 and/or any written request for discovery filed by the defendant. If, prior to or during trial, additional evidence or material is discovered which is subject to discovery, such evidence or material shall be disclosed in a timely manner. Further discovery, except to the extent provided or consented to herein, is objected to as being outside the scope of the State's obligation under Rule 16.

Please be advised, further, that *Brady* and *Boyer* material, if any, will be provided at trial.

Very truly yours,

JAMES KRINER
Deputy Attorney General

A-7



**M. JANE BRADY**
**ATTORNEY GENERAL**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

KENT COUNTY
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-2500

**KENT COUNTY**

**PLEASE REPLY TO:**

December 11, 2002

Lloyd Schmid, Esq.
Public Defender's Office
45 The Green
Dover, DE 19904

      **RE:   State v. Christopher Videtto**
          **I.D. No. 0104008670**

Dear Lloyd:

      As a supplement to discovery, please find enclosed the results of the fingerprints analysis in the above captioned case, and a handwritten statement by your client.

      My records indicate that I sent automatic discovery last week. If you need anything else, please contact me.

                      Sincerely,

                      JAMES KRINER
                      Deputy Attorney General

JK/sb

A-8

**DELAWARE STATE POLICE**

State Bureau of Identification

Latent Examination

COMP.#: 0301007754 DATE: 04/23/01   OFFICER: COSGROVE

VICTIMS NAME: BROWN, RITA

CRIME: 2200 DATE OF OFFENSE: 04/11/01    FILE SIZE: L

FROM: Rodney Hegman / EXAMINED BY:

LATENT EXAMINATION RESULTS

_ Latents are of NO VALUE - No comparisons are possible

X Latents are of VALUE

    _ Palm Prints          X Fingerprints

    _ Palm and Fingerprints    _ Impressions

_ Retained in AFIS

_ Latents were compared with the following Person(s),

A-9

```
      . To:  David L. Weaver@Troop3_Criminal@DSP
      From:  Rodney B. Hegman@SBI@DSP
        Cc:  James Kriner@Kent@Justice
   Subject:  re: 03-01-7754
Attachment:  BEYOND.RTF
      Date:  12/11/02 11:00 AM
```

Comparison was Positive to this suspect.      The latent lifted from the right front door exterior of victim's 1990 lined
was identified to the suspect's right thumb.

Rodney B Hegman
Forensic Latent Print Examiner
Delaware State Police
Phone 302-739 5883    Fax 302-739-5888
e-mail:   rhegman@state.de.us


From: David L. Weaver@Troop3_Criminal@DSP, on 12/10/2002 11:41 PM:

Rod,
     DAG Kriner is requesting a comparison be made to this compalint #03-01-7754, victim Rita Brown. The laten
were from a burglary and they were of value. The latents should be compared to the def. Christopher J. Videtto,
W/M, 07/08/70, SBI 00492696. The trial is coming up soon and Kriner would like to know the results as soon a
possible.

Thanks,
Dave

A-10

| Report Date: 04/26/2001 | Agency: Troop 3 State Police | | Complaint: 03-01-007754 |

## Supplemental Report - #3

| Original Occurrence Dates and Times: HU- 04/05/2001 0900 thru THU 04/05/2001 1500 | Grid 074-244 | Sector 61 |

Original Location: 892 MILLINGTON RD    Clayton, DE 19938

### Related Incident Information

| Related Complaints 03-01-008549 | 03-01-007754 | |

### Investigative Narrative

Criminalistics Report #: 01-94

On 04-05-01, Troopers First Class Wilkins and Lane responded to the residence of Rita Brown, ocated at 4892 Millington Road, Clayton De. During the course of their investigation, they ollected several items, which they requested be processed for latent prints. Specifically; black metal storm door handle, a Newport cigarette butt, a plastic bag, a small white box, burgundy woman s wallet, two metal boxes, a red plastic box, and a red cardboard box. The torm door handle was assigned evidence control # 0300000234. The cigarette butt was assigned vidence control # 0300000235.

The plastic bag, small white box, and burgundy wallet were stored together and assigned vidence control # 0300000236. The two metal boxes, red plastic box, and red cardboard box ere stored together and assigned evidence control # 0300000237.

On 04-06-01, Trooper First Class Lane recovered a portion of the stolen property, taken from ita Brown s residence. He    recovered two jewelry boxes, each containing miscellaneous tems and jewelry. They were assigned evidence control # s 0300000272 and 0300000277 espectively.

On 04-09-01 at 12:39PM, I processed the black metal storm door handle (0300000234) with yanoacrylate and florescent powder. On 04-10-01 at 8:55AM, I processed the plastic bag, hite box, and woman s wallet (0300000236), two metal boxes, red plastic box, and red ardboard box (0300000237) in the same manner as well. On 04-10-01 at    11:30AM, I also rocessed both jewelry boxes (0300000272 & 0300000277), using the aforementioned method. artial latent prints appeared to develop on all of the processed items, except the jewelry oxes and two metal boxes.

On 04-11-01 I    accompanied Det. Cosgrove to Rita Brown s residence, to return some f her property and to also process her stolen motor vehicle, which had been recovered. I eturned the two metal boxes (0300000237) and two jewelry boxes (0300000272 & 300000277), which held no further evidential value (See attached receipt). The red plastic ox and red cardboard box, which were originally stored with the two metal boxes, were ubsequently repackaged, along with a Super Fresh Card found with the jewelry boxes, and ssigned evidence control # 0300000279.

On 04-11-01 between 11:10 and 11:20 AM, I processed Mrs. Brown s recovered 1990 Lincoln, hich was parked in her garage. Using standard black powder, I processed the vehicle and ecovered latent prints from the following locations; left front door exterior, left front oor exterior post, left rear exterior door frame, leftrear door exterior, trunk lid exterior (2), right front exterior door post, and the right front door exterior. All of the recovered latent prints were forwarded to the State Bureau of Identification for analysis.

Prior to dusting the vehicle for    prints, the following items were recovered from within its interior and seized as evidence.

1. Wooden jewelry box and two glass coasters. Found on rear seat. Evidence Control # 0300000280. Processed on 04-12-01 at 12:45PM, using cyanoacrylate.

No latent prints found. Photographed and returned to owner via Det.

Cosgrove.

2. Black Hooded sweatshirt, and brown golf shirt. Found on rear seat.

Evidence Control # 0300000281. Stored in the Troop 3 Evidence Locker.

3. Two plastic shopping bags (Shoprite & Pathmark) Found on rear seat.

| Reporting Officer DET CHRISTIE - 746 | Supervisor Approval DAVID WEAVER PSPT703 Date 05/04/2001 1439 |

A - 11

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

* * * * * * * * * * * * *

STATE OF DELAWARE,

      -vs-

CHRISTOPHER J. VIDETTO,
ID NO. 0104008670

      Defendant.

* * * * * * * * * * * * *

)  C.A. No. K02-01-0407,
)  0410 and 0412
)
)  NO. 714, 2002
)
)
)
)  Plea Date:
)  December 17, 2002
)
)

RECEIVED

FEB 2 0 2003

BY:

BEFORE:

       HON. HENRY duPONT RIDGELY, President Judge.

* * * * *

APPEARANCES:

       JAMES KRINER, Deputy Attorney General,
          appearing on behalf of the State.

       LLOYD A. SCHMID, ESQ., Public Defender,
          appearing on behalf of the Defendant.

* * * * *

TRANSCRIPT OF PLEA AGREEMENT

Tuesday, December 17, 2002

* * * * *

Jennie L. Washington
Official Court Reporter

A-12



```
 1   Courtroom No. 1
     December 17, 2002
 2   11 o'clock a.m.

 3                   PROCEEDINGS

 4                   * * * * *

 5            MR. KRINER:  Good morning again, Your

 6   Honor.

 7            THE COURT:  Good morning.

 8            MR. KRINER:  In the matter of

 9   Christopher Videtto, the parties have reached a

10   plea agreement, if Your Honor will accept it.

11            THE COURT:  I will.

12            MR. KRINER:  The defendant is going to

13   plead guilty to Count 1, burglary in the second

14   degree; Count 6, conspiracy in the second degree;

15   and to Count 4, theft of a firearm.  The State will

16   enter a nolle prosequi on all remaining charges.

17            The parties are asking for immediate

18   sentencing and asking that Your Honor sentence the

19   defendant with respect to Count 1, fifteen years at

20   Level 5; with respect to Count 6, two years at

21   Level 5, suspended for six months of Level 4 Work

22   Release; and to Count 4, three years Level 5,

23   suspended for one year at Level 2.  I would ask
```

Jennie L. Washington
Official Court Reporter

A-13

```
 1    that you also order restitution to be paid in the

 2    amount of $500 to the victim, Rita Brown, that the

 3    defendant have no contact with Rita Brown.

 4              The defendant has stipulated that he is

 5    a habitual offender pursuant to 11 Delaware Code,

 6    Section 4214(a), the State has agreed not to

 7    prosecute the defendant for a theft of wallets from

 8    the Clayton Elementary School on 4/5/01.  Those

 9    were -- that's uncharged conduct.  The defendant

10    has also agreed to cooperate and testify truthfully

11    in all proceedings involving this burglary; and the

12    defendant shall undergo substance abuse evaluation

13    and receive any treatment that's recommended while

14    at Level 5.

15              THE COURT:  Mr. Schmid.

16              MR. SCHMID:  Thank you, Your Honor.

17    Mr. Kriner's representations regarding the plea

18    agreement are accurate.  I have discussed the

19    matter thoroughly with Mr. Videtto.  He stands

20    before the Court today prepared to enter a plea in

21    conformity with the agreement and has entered

22    responses to each of the questions on the guilty

23    plea form in his own handwriting.
```

Jennie L. Washington
Official Court Reporter

A - 14

```
 1              In his haste to get through the
 2    questions, there were a couple of questions where
 3    errors are noted at the second question.  At the
 4    third question, the incorrect response was
 5    scratched out and he initialed those, and entered
 6    the correct response that he deemed appropriate.
 7    He is entering a plea under the provisions of
 8    4214(a), and therefore at the burglary second I
 9    left open the term of incarceration.  But he was
10    advised that, under the provisions of that statute,
11    that the maximum possible penalty is life.
12              Beyond that, Your Honor, I believe he
13    enters this plea knowingly and voluntarily with an
14    understanding of both the nature of the charges and
15    the operation of law as it would apply to any
16    sentence.  Therefore, I present him to the Court.
17              THE COURT:  Mr. Videtto, I have
18    questions for you to answer under oath.
19              Swear the defendant.
20                      * * * * *
21    Whereupon,
22              CHRISTOPHER VIDETTO,
23    after having been first duly sworn, was examined
```

Jennie L. Washington
Official Court Reporter

A-15

1    and testified as follows:

2              THE COURT:  You have heard the

3    statements made by your attorney.  Was everything

4    he said correct?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you understand that you

7    have the right to a speedy trial with the

8    assistance of a lawyer, and that you will give up

9    that right by pleading guilty?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Do you understand you will

12   have the assistance of a lawyer at sentencing

13   if your guilty pleas are accepted?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Have you read or had read to

16   you the indictment which charges you in Count 1, as

17   amended, with burglary in the second degree, on or

18   about April 5, 2001?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Do you understand the nature

21   of this charge?

22             THE DEFENDANT:  Yes, I do.

23             THE COURT:  Are you, in fact, guilty of

Jennie L. Washington
Official Court Reporter

A-16

```
 1    this charge?

 2              THE DEFENDANT:  Yes, sir, I am.

 3              THE COURT:  Have you read or had read to

 4    you Count 6 which charges you with conspiracy in

 5    the second degree, on or about April 5, 2001?

 6              THE DEFENDANT:  Yes, sir.

 7              THE COURT:  Do you understand the nature

 8    of this charge?

 9              THE DEFENDANT:  Yes, I do.

10              THE COURT:  Are you, in fact, guilty of

11    this charge?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Have you read or had read to

14    you Count 4 which charges you with theft of a

15    firearm on April 5, 2001?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  Do you understand the nature

18    of this charge?

19              THE DEFENDANT:  I do.

20              THE COURT:  Are you, in fact, guilty of

21    this charge?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  Do you understand that the
```

```
 1    statutory penalties for these offenses could result

 2    in imprisonment for life?

 3              THE DEFENDANT:  Yes, sir.

 4              THE COURT:  Do you also understand that

 5    it could result in such fines or other conditions

 6    as the Court may order?

 7              THE DEFENDANT:  Yes, sir.

 8              THE COURT:  Has anyone threatened you or

 9    forced you to pleading guilty?

10              THE DEFENDANT:  No, they haven't.

11              THE COURT:  I show you a guilty plea

12    form.  Did you go over this carefully with your

13    attorney?

14              THE DEFENDANT:  Yes, I have.  I have a

15    copy here.

16              THE COURT:  Did you give true answers to

17    all of the questions on this form?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  Do you understand each of

20    the constitutional rights that are listed?

21              THE DEFENDANT:  Yes, sir.

22              THE COURT:  Do you understand you will

23    give up all of these rights by pleading guilty?
```

Jennie L. Washington
Official Court Reporter

A-18

```
 1                THE DEFENDANT:  Yes, I am aware of that.
 2                THE COURT:  I show you a plea agreement.
 3   Did you read and sign this document?
 4                THE DEFENDANT:  Yes, I did.
 5                THE COURT:  Is this the entire agreement
 6   between you and the prosecution?
 7                THE DEFENDANT:  Yes, sir.
 8                THE COURT:  Do you seek to voluntarily
 9   enter these pleas of your own free will because
10   you are guilty of these charges?
11                THE DEFENDANT:  Yes, sir.
12                THE COURT:  Have you discussed these
13   matters fully with your attorney?
14                THE DEFENDANT:  Yes, sir.  At length,
15   yes, sir.
16                THE COURT:  Are you satisfied he's done
17   all he can reasonably do for you?
18                THE DEFENDANT:  Very satisfied.
19                THE COURT:  Mr. Schmid, do you know of
20   any reason why the guilty pleas should not be
21   accepted?
22                MR. SCHMID:  No, Your Honor.
23                THE COURT:  Mr. Kriner, do you?
```

Jennie L. Washington
Official Court Reporter

A-19

```
 1              MR. KRINER:  No, Your Honor.

 2              THE COURT:  I'm satisfied that each of

 3    pleas has been made voluntarily and with an

 4    understanding of the nature of the charge and the

 5    consequence of the plea.  The pleas are accepted.

 6              We will do a hearing at this time on the

 7    habitual offender status.  What are the prior

 8    convictions to qualify him?

 9              MR. KRINER:  Your Honor, there's a

10    stipulation between the parties that he is, in

11    fact, habitual.  In 1991, the defendant was

12    convicted of burglary in New Jersey.  In 1993, he

13    was convicted of burglary in New Jersey.  And in

14    1998, he was convicted of burglary in New Jersey.

15              MR. SCHMID:  I hasten to add, Your

16    Honor, that according to the discussions that I had

17    with Mr. Videtto, that these would most likely

18    apply as burglary third charges in Delaware, being

19    automobiles, opening the door, going inside and/or

20    commercial establishments.

21              THE COURT:  All right.  Are these

22    convictions accurate, Mr. Videtto?

23              THE DEFENDANT:  Yes, sir.
```

A-20

```
 1            THE COURT:  Based on the information
 2   presented and the admission made, as well as the
 3   stipulation in the plea agreement, I find the
 4   defendant is subject to sentencing as an habitual
 5   offender, pursuant to 11 Delaware Code,
 6   Section 4215(a).
 7            I will hear your sentencing comments,
 8   Mr. Schmid?
 9            MR. SCHMID:  Your Honor, the Court will
10   note that the presentence report -- presentence
11   report, I apologize -- the plea agreement does
12   stipulate the need for substance abuse evaluation
13   and treatment.  And in this particular instance,
14   that is Mr. Videtto's primary concern here.
15            We wish the Court to know that the
16   reason why this burglary occurred was, in fact,
17   because Mr. Videtto was in the throes of a serious
18   abuse of not only cocaine, but also heroin, and
19   that this addiction was driving his behavior, not
20   by way of excuse, but by way of explanation.  He
21   used the proceeds that were derived from this
22   burglary to purchase drugs and used them.  He has
23   been struggling with the addiction for many years.
```

Jennie L. Washington
Official Court Reporter

A-21

```
 1   He told me fifteen years or more of his life has
 2   been consumed by this.
 3             We would ask the Court to consider the
 4   time that is provided for in this agreement between
 5   the parties to be sufficient time, first of all, to
 6   address the punishment element of this case where
 7   there clearly is a need.  But that it would also
 8   address the long term concerns of society, and that
 9   Mr. Videtto was both held so that he cannot commit
10   new offenses for a considerable period of time, but
11   also that it will allow him to address the
12   addictions that drove him to do this.
13             Clearly, under the circumstances, it is
14   an appropriate resolution.  It would satisfy the
15   needs of many different interests at this time and
16   in the future.  And that the Court, I would assert,
17   could be confident that Mr. Videtto would come out
18   of prison a changed man.
19             THE COURT:  Mr. Videtto, is there
20   anything you would like to say?
21             THE DEFENDANT:  Yes, sir.  I am going to
22   be away for a while, and what he was saying about
23   the addiction, I don't want to come out 47, 48
```

A-22

1 | years old and have to live that cycle again.

2 | That's all.

3 | THE COURT:  Does the State have anything

4 | to add?

5 | MR. KRINER:  We do, Your Honor.  Your

6 | Honor, the victim is present in the courthouse

7 | today, did not want to address the Court in

8 | sentencing.  However, she has been consulted at

9 | every step with respect to the plea agreement in

10 | this case, as well as the two detectives who spent

11 | a considerable time in our office last night with

12 | Mr. O'Neill in discussing this plea agreement.

13 | That being said, this crime was heinous.

14 | It was a burglary of an 64 year old widow whose

15 | husband had only passed away a year prior to the

16 | burglary.  She informs me that she no longer feels

17 | safe in her house.  She feels like she's in a

18 | fortress.  She had a beautiful house, that was

19 | neatly kept.  The defendant went in and completely

20 | ransacked the house and stole jewelry of

21 | sentimental value because it was given to her by

22 | her deceased husband, as well as firearms that

23 | belonged to her husband.  Those firearms were never

Jennie L. Washington
Official Court Reporter

A-23

```
 1    recovered and they are potentially out on the

 2    street maybe causing harm to somebody else.

 3              In the defendant's defense, however, and

 4    one thing that motivated the State in agreeing to

 5    this fifteen year plea, is he did cooperate with

 6    the police.  He made a full confession that helped

 7    solve the crime.  Without him, the charges may

 8    never have been lodged.  We believe the fifteen

 9    years is appropriate under the circumstances.

10              THE DEFENDANT:  Sir, can I say something

11    else as well?

12              THE COURT:  Yes.

13              THE DEFENDANT:  I know the victim is not

14    in the room, but I just want it to go on record

15    that I am heartly sorry for what I have done.  If

16    knowing the circumstances and if I could possibly

17    have that chance to live that moment over, it

18    wouldn't have happened because I'm not today, I'm

19    not the same man as when I was brought in a

20    year-and-a-half ago.

21              THE COURT:  I'm sure Mr. Kriner will

22    relay your comments to the victim.  Under all of

23    the circumstances, I will accept the recommendation
```

Jennie L. Washington
Official Court Reporter

A-24

```
 1    of the parties for the sentencing in this matter.
 2               In criminal action K02-01-0407, the
 3    defendant is adjudged guilty of burglary in the
 4    second degree.  The costs of prosecution are
 5    suspended.  Pursuant to 11 Delaware Code,
 6    Section 4215(a), the defendant is placed in the
 7    custody of the Department of Corrections at
 8    Supervision Level 5 for fifteen years.
 9               Criminal action K02-01-0412, the
10    defendant is adjudged guilty of conspiracy in the
11    second degree.  The costs of prosecution are
12    suspended.  The defendant is placed in the custody
13    of the Department of Corrections at Supervision
14    Level 5 for two years.  This is suspended for six
15    months at Level 4 Work Release supervision.
16               Criminal action K02-01-0410, the
17    defendant is adjudged guilty of theft of a firearm.
18    The costs of prosecution are suspended.  The
19    defendant shall pay restitution of $500 to Rita
20    Brown.  The defendant is placed in the custody of
21    the Department of Corrections at Supervision Level
22    5 for three years.  This is suspended for one year
23    at Level 2, consecutive to 0142 -- rather, 0412.
```

Jennie L. Washington
Official Court Reporter

A-25

```
 1                The defendant shall pay his court
 2    assessments on a schedule set by his probation
 3    officers.  At all levels of supervision, the
 4    defendant shall be evaluated for substance abuse
 5    and follow all recommendations for testing,
 6    counseling and treatment.
 7                You are committed to the custody of the
 8    Department of Corrections for purposes of carrying
 9    out this sentence.
10                Have a seat.  I'm going to excuse the
11    jury.  The defendant shall be held at Level 5,
12    pending space available at Level 4 Work Release.
13                Bring the jury in.
14                         * * * * *
15                (Whereupon, the jury returned to the jury
16                box, and the following proceedings were had
17                in open court:)
18                         * * * * *
19                THE COURT:  Good morning, members of the
20    jury.  We are missing Juror Number 9 because he had
21    previously been excused today and did not disclose
22    that yesterday.  So since he had been excused
23    previously he is not here.
```

Jennie L. Washington
Official Court Reporter

A-26

```
 1              The trial is not going to go forward.
 2    The defendant has entered guilty pleas and the
 3    Court has sentenced the defendant.  I want you to
 4    understand fully, however, that but for your being
 5    here and willingness to serve as jurors, that is
 6    what led to the resolution of the case today.  I
 7    want to thank you for your patience while you have
 8    been in the jury room, and of course while on break
 9    as we have allowed that during the course of the
10    waiting time.
11              You are now relieved of your obligation
12    to follow all of the instructions previously given
13    by me in this case.  There will be no further
14    proceedings in this case.  The bailiffs will show
15    you out now.  The Court thanks you for your
16    service.
17              Show the jury out, Madam Bailiff.
18                       * * * * *
19              (Whereupon, the jury was excused.)
20                       * * * * *
21              THE COURT:  Any other application at
22    this time?
23              MR. KRINER:  No, Your Honor.
```

Jennie L. Washington
Official Court Reporter

A-27

1          MR. SCHMID:  No, Your Honor.  Thank you,

2    Your Honor.

3          THE COURT:  The Court is in recess to

4    the call of the Court.

5                    * * * * *

6          (Whereupon, the matter was concluded.)

7                    * * * * *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

                    Jennie L. Washington
                    Official Court Reporter

A-28

1           C E R T I F I C A T E

2

3           I, JENNIE L. WASHINGTON, an Official Court

4    Reporter of the Superior Court of the State of

5    Delaware, do hereby certify the above and foregoing

6    pages, 1 through 17, to be a true and accurate

7    transcript of the proceedings therein indicated on

8    December 17, 2002, as was stenographically reported

9    by me and reduced to computer-aided transcript under

10   my direct supervision, as the same remains of record

11   in the prothonotary's office in the Kent County

12   Courthouse, Dover, Delaware.

13

14                              _____

                                   Jennie L. Washington
15                                 Cert. #140-PS, Permanent

16

17                              _____

                                          Date
18

19

20

21

22

23

                        Jennie L. Washington
                        Official Court Reporter

A-29

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. VIDETTO, | § |
| | § Nos. 714, 2002 and 8, 2003 |
| Defendant Below- | § (Consolidated) |
| Appellant, | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of the Delaware, |
| STATE OF DELAWARE, | § in and for Kent County |
| | § Cr. ID No. 0104008670 and |
| Plaintiff Below- | § C.A. No. 02M-12-018 |
| Appellee. | § |

## ORDER

This 7ᵗʰ day of May 2003, it appears to the Court that:

(1)    On December 26, 2002, the appellant, Christopher Videtto, filed an appeal in case No. 714, 2002 from the Superior Court's sentencing order, dated December 17, 2002, which followed Videtto's guilty plea to three criminal charges. Videtto was represented by counsel in the Superior Court proceedings. His counsel was directed to file a formal notice of appeal on Videtto's behalf. Thereafter, Videtto filed a second notice of appeal in case No. 8, 2003 from the Superior Court's denial of Videtto's pro se petition for a writ of habeas corpus.

(2)    By Order dated March 27, 2003, the Court remanded case No. 714, 2002 to the Superior Court for the limited purpose of conducting a hearing and making appropriate findings of fact and conclusions of law with

A-30

respect to Videtto's request to proceed pro se on appeal. While the case was on remand, Videtto filed a motion requesting that his two appeals be consolidated. According to Videtto, the issue in both appeals relates to his sentencing as an habitual offender. The Clerk of the Court informed Videtto that no action would be taken on his motion to consolidate while appeal No. 714, 2002 was on remand to the Superior Court.

(3)     The Superior Court returned appeal No. 714, 2002 from remand on April 14, 2002. The Superior Court's attached report concludes that Videtto's decision to proceed pro se on appeal in No. 714, 2002 is voluntary and informed, with a full understanding of the dangers of proceeding pro se and the disadvantages Videtto may encounter as the result of his request to dispense with the service of his counsel.

NOW, THEREFORE, IT IS ORDERED that:

a.     The findings of fact and conclusions of law contained in the trial judge's report, dated April 14, 2003, are approved and adopted.

b.     Based upon the conclusion that Videtto is fully informed of the hazards of self-representation and has voluntarily waived his right to the assistance of counsel, Videtto's request to proceed pro se is GRANTED.

c.      Videtto's request that his counsel, Lloyd A. Schmid, Jr., Esquire be permitted to withdraw as his attorney in No. 714, 2002 is GRANTED.

d.      The appeals in No. 714, 2002 and No. 8, 2003 are hereby CONSOLIDATED. The consolidated opening brief on appeal is due June 6, 2003. No further extensions of this deadline will be granted.

e.      Videtto's motion for stay of proceedings and motion for extension of time in No. 8, 2003 are moot.

BY THE COURT:

Carolyn Beyer

Justice

A-32

IN THE SUPREME COURT OF THE STATE OF DELAWARE

008 , 2003

PRO SE                              CHRISTOPHER J. VIDETTO,
(DCC -)                                 Plaintiff Below,
                                        Appellant,
                                    v.

J. R. WILLIAMS                      STATE OF DELAWARE,
                                        Defendant Below,
                                        Appellee.
                                    (CONSOLIDATED WITH APPEAL 714,2002)

DF $ 00.00

2003

| 1 | Jan 08 | Notice of appeal from the order dated 12/27/02, in the Superior Court, in and for Kent County, by Judge Witham, in C.A. No. 02M-12-018, with designation of no transcript. (no service shown-copy sent) (eas) |
| 2 | Jan 08 | Motion to proceed in forma pauperis by appellant. (no service shown-copy sent) (eas) |
| 3 | Jan 13 | Order dated 1/13/03 by Clerk, appellant's motion to proceed in forma pauperis is GRANTED, limited only to waiver of docketing fee. (eas) |
| 4 | Jan 13 | Brief schedule issued. (opening brief due 2/27/03) (eas) |
| 5 | Jan 13 | Letter dated 1/13/03 from Senior Court Clerk to Prothonotary, record is due to be filed by 2/5/03. (eas) |
| 6 | Jan 16 | Record as ordered. (eas) |
| 7 | Jan 24 | Letter dated 1/22/03 from appellant to Senior Court Clerk, requesting a copy of the Superior Court docket sheet and the record and a copy of the Supreme Court docket sheet. (sent) (eas) |
| 8 | Jan 31 | Letter dated 1/28/03 from appellant to Clerk, advising that his new address is:  #EV4029, P.O. Box A, Cresson, PA 16699. (eas) |
| 9 | Feb 20 | Letter dated 2/14/03 from appellant to Senior Court Clerk, requsting an extension of time to file the opening brief and requesting appointment of counsel. (eas) |
| 10 | Mar 07 | Order dated 03/07/03 by Berger. J, appellant's motion for appointment of counsel is DENIED. The opening brief and appendix are due 04/08/03. (mfm) |
| 11 | Mar 13 | Motion under Rule 15(b) by appellant. (no service |

A-33

shown-copy sent) (eas)

| 12 | Mar | 13 | Letter dated 2/20/03 from appellant to Clerk, requesting a Superior Court docket sheet in 714, 2002, a copy of the record in 8, 2003 and docket sheet in 714, 2002 and 8, 2003. (eas)(ds sent 3-19-03) |

| 13 | Mar | 19 | Letter dated 3/15/03 from appellant to Assistant Clerk requesting a copy of his file (no service shown; copy sent) (copy of file sent) (afb). |

| 14 | Mar | 21 | Order dated 03/21/03 by Berger, J., appellant's opening brief and appendix are due 04/27/03. No further exten-sions will be granted. (mfm) |

| 15 | Mar | 26 | Motion under Rule 15(b) by appellant. (served by mail 3/21/03)(clh) |

| 16 | Mar | 27 | Order dated 03/27/03 by Berger, J., appellant's motion for an extension of time to file his opening brief and appendix is DENIED.  Appellant's opening brief and appendix are due 04/27/03. No further extensions will be granted. (mfm) |

| 17 | Apr | 07 | Motion for Consolidation by appellant. (served by mail 3/30/03. (eas) |

| 18 | Apr | 08 | Letter dated 4-8-03 from Clerk to appellant, stating that the Court will take no action with regard to the motion to consolidate since No. 714, 2002 is on remand and No. 8, 2003 has a date certain for the opening brief to be filed. (clh) |

| 19 | Apr | 23 | Motion for Stay of Proceedings by appellant. (served by mail 4/20/03) (eas) |

| 20 | Apr | 29 | Motion under Rule 15(b) by appellant and notification that he has been moved to Delaware Correctional Center effective 4/15/03 and requesting that all orders entered after 4/15/03 be sent to him at Delaware Correctional Center (no service shown; copy sent) (afb) |

| 21 | May | 07 | Order dated 05/07/03 by Berger, J., the findings of fact and conclusions of law contained in the trial judge's report dated 04/14/03 are approved and adopted. Appellant's request to proceed pro se is GRANTED. Appellant's request that his counsel, Lloyd A. Schmid, Jr., Esquire be permitted to withdraw as his attorney in appeal no. 714, 2002 is GRANTED. Appeals in no. 714, 2002 and no. 8, 2003 are CONSOLIDATED. The con-solidated opening brief is due 06/06/03. No further extensions of this deadline will be granted. Appellant's motion for stay of proceedings and motion for extension of time in appeal no. 8, 2003 are moot. (mfm) |

| 22 | May | 08 | Letter dated 5/7/03 from appellant to Assistant Clerk, advising that he has been in Delaware since 4/10/03 |

A-34

and hasn't received any mail. (eas)

23   May   09   Letter dated 5/9/03 from Senior Court Clerk to
appellant, advising him that he may obtain a copy of
his transcript from his former attorney and enclosing
copies of his docket sheet. (eas)

24   May   21   Letter dated 5/17/03 from appellant to Clerk,
requesting documents from the Superior Court record.
(eas)

25   May   21   Directions to court reporter of proceedings below to be
transcribed pursuant to Rule 9(e) by appellant.
(no service shown on court reporter) (eas)

26   May   21   Document entitled "Motion for Discovery Rule 16" by
appellant. (no service shown-copy sent) (eas)

27   May   22   Document entitled "Motion for Court Rules and Appellant
Procedure" by appellant. (no service shown-copy sent)
(eas) (copy of Rules and Citizen Guide sent)

28   Jun   04   Letter dated 6/4/03 from Senior Court Clerk to Lloyd A.
Schmid, Jr., Esquire, directing him to forward the
transcript and the appropriate portion of the record
by 6/16/03 to Mr. Videtto and advising that appellant's
opening brief is due 7/7/03. (eas)

29   Jun   05   Appellant's opening brief and attached appendix (served
by mail 6/3/03) (eas) (afb).

30   Jun   09   State's Motion to Affirm. (served by mail 6/9/03) (eas)

31   Jun   13   Copy of letter dated 6/13/03 from Lloyd A. Schmid, Jr.,
Esquire to appellant, enclosing the documents requested
and advising the only transcript ordered was that of
the sentencing. (eas)

32   Jun   23   Letter dated 6/18/03 from appellant to Clerk,
requesting the 12/16/02 transcript. (eas)

33   Jun   25   Letter dated 6/25/03 from Senior Court Clerk to
appellant, advising him that the Court will take no
action with respect to his letter since the issues
therein are moot. (eas)

34   Jul   18   Order dated 7/18/03 by Holland, J., AFFIRMED.
(ENV,RJH,CB) (eas)

35   Aug   04   Record and mandate to clerk of court below. Case Closed
(afb).

36   Aug   08   Letter dated 8/5/03 from appellant to Clerk, requesting
a docket sheet. (sent) (eas)

37   Aug   14   Prothonotary's receipt of record and mandate on
8/13/03. (eas)

38   Oct   08   Letter dated 10/3/03 from Christopher J. Videtto to

A-35

Clerk requesting copies of documents from the record (afb).

39    Oct   09         Letter dated 10/9/03 from Assistant Clerk to Mr. Videtto asking him to inform the Court whether he is requesting documents from the Superior Court record or from the Supreme Court file (afb).

IN THE SUPREME COURT OF THE STATE OF DELAWARE

714 , 2002

PRO SE
(CRESSON, PA)

CHRISTOPHER J. VIDETTO,
    Defendant Below,
    Appellant,
          v.

J. R. WILLIAMS

STATE OF DELAWARE,
    Plaintiff Below,
    Appellee.
    (CONSOLIDATED WITH APPEAL 8,2003)

DF $ 00.00

2002

| 1 | Dec | 26 | Notice of appeal from the sentence imposed on 12/17/02 in Superior Court in and for Kent County by President Judge Ridgely in Cr. A. Nos. IK02-01-0407W through -0413W, Cr. ID #0104008670, with designation of transcript (no service shown) (afb). |
| 2 | Dec | 26 | Letter dated 12/26/02 from Assistant Clerk to Lloyd A. Schmid, Esquire, requesting that he recognize his continuing obligation to represent the appellant by 1/7/03 (afb). |

2003

| 3 | Jan | 07 | Formal notice of appeal from the sentence on 12-17-02, in the Superior Court, in and for Kent County, by Pres. Judge Ridgely, in Cr.A. Nos. IK02-01-0407W, 0410W & 0412W, with designation of transcript. (served by hand 1/7/03)(clh) |
| 4 | Jan | 07 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (service shown on court reporter by hand 1/7/03)(clh) |
| 5 | Jan | 07 | Letter dated 1-7-03 from Clerk to Jennie Washington, the transcript is due to be filed by 2-18-03. (clh) |
| 6 | Jan | 10 | Certificate of service of notice of appeal and directions upon the court reporter by hand on 1/7/03. (eas) |
| 7 | Feb | 24 | Court reporter's final transcript log entry: Prothonotary received 2/20/03. (eas) |
| 8 | Feb | 24 | Letter dated 2/24/03 from Senior Court Clerk to Prothonotary, record is due to be filed by 3/3/03. (eas) |
| 9 | Feb | 27 | Record w/ transcript. (eas) |
| 10 | Feb | 27 | Brief schedule issued. (opening brief due 3/31/03) (eas) |

A-37

11*.  Mar  13     Motion under Rule 15(b) by appellant-pro se(no service
                  shown-copy sent) (eas)

* 12   Mar  13     Letter dated 2/20/03 from appellant to Clerk,
                  requesting a Superior Court docket sheet in 714, 2002,
                  a copy of the record in 8, 2003 and docket sheet in
                  714, 2002 and 8, 2003. (eas)(ds sent 3-19-03)

13    Mar  19     Affidavit requesting to proceed pro se pursuant to Rule
                  26(d)(iii) by Christopher Videtto. (no service shown)
                  (clh)

14    Mar  19     Letter dated 3-19-03 from Clerk to Lloyd Schmid, Esq.
                  forwarding Mr. Videtto's affidavit for informational
                  purposes only. (clh)

15    Mar  27     Order dated 03/27/03 by Berger, J., REMANDED. Juris-
                  diction retained. (mfm)

16    Mar  31     Record and certified copy of Order dated 3/27/03 to
                  clerk of court below. Jurisdiction is retained. The
                  case is due to be returned by 4/30/03 (afb).

17    Apr  07     Motion for Consolidation by appellant. (served by mail
                  3/30/03. (eas)

18    Apr  07     Copy of order dated 4/4/03 by President Judge Ridgely,
                  the evidentiary hearing is scheduled for 4/11/03 at
                  2:15 p.m. (eas)

19    Apr  08     Letter dated 4-8-03 from Clerk to appellant, stating
                  that the Court will take no action with regard to the
                  motion to consolidate since No. 714, 2002 is on remand
                  and No. 8, 2003 has a date certain for the opening
                  brief to be filed. (clh)

20    Apr  14     Report Pursuant to Supreme Court Rules 19 and
                  26(d)(iii) returning this matter from remand. (eas)

21    Apr  14     Record returned from remand. (eas)

22    May  07     Order dated 05/07/03 by Berger, J., the findings of
                  fact and conclusions of law contained in the trial
                  judge's report dated 04/14/03 are approved and adopted.
                  Appellant's request to proceed pro se is GRANTED.
                  Appellant's request that his counsel, Lloyd A. Schmid,
                  Jr., Esquire be permitted to withdraw as his attorney
                  in appeal no. 714, 2002 is GRANTED. Appeals in no.
                  714, 2002 and no. 8, 2003 are CONSOLIDATED. The con-
                  solidated opening brief is due 06/06/03. No further
                  extensions of this deadline will be granted.
                  Appellant's motion for stay of proceedings and motion
                  for extension of time in appeal no. 8, 2003 are moot.
                  (mfm)

23    May  08     Letter dated 5/7/03 from appellant to Assistant Clerk,
                  advising that he has been in Delaware since 4/10/03

A-38

and hasn't received any mail. (eas)

24    May  09    Letter dated 5/9/03 from Senior Court Clerk to
                 appellant, advising him that he may obtain a copy of
                 his transcript from his former attorney and enclosing
                 copies of his docket sheet. (eas)

25    May  15    Letter dated 5/12/03 from Christopher Videtto to
                 Assistant Clerk, advising that he has been moved to
                 #EV4029, P.O. Box A, Cresson, PA  16699. (eas)

26    May  21    Letter dated 5/17/03 from appellant to Clerk,
                 requesting documents from the Superior Court record.
                 (eas)

27    May  21    Directions to court reporter of proceedings below to be
                 transcribed pursuant to Rule 9(e) by appellant.
                 (no service shown on court reporter) (eas)

28    May  21    Document entitled "Motion for Discovery Rule 16" by
                 appellant. (no service shown-copy sent) (eas)

29    May  22    Document entitled "Motion for Court Rules and Appellant
                 Procedure" by appellant. (no service shown-copy sent)
                 (eas) (copy of Rules and Citizen Guide sent)

30    Jun  04    Letter dated 6/4/03 from Senior Court Clerk to Lloyd A.
                 Schmid, Jr., Esquire, directing him to forward the
                 transcript and the appropriate portion of the record
                 by 6/16/03 to Mr. Videtto and advising that appellant's
                 opening brief is due 7/7/03. (eas)

31    Jun  05    Appellant's opening brief and attached appendix (served
                 by mail 6/3/03) (eas) (afb).

32    Jun  09    State's Motion to Affirm. (served by mail 6/9/03) (eas)

33    Jun  13    Copy of letter dated 6/13/03 from Lloyd A. Schmid, Jr.,
                 Esquire to appellant, enclosing the documents requested
                 and advising the only transcript ordered was that of
                 the sentencing. (eas)

34    Jun  23    Letter dated 6/18/03 from appellant to Clerk,
                 requesting the 12/16/02 transcript. (eas)

35    Jun  25    Letter dated 6/25/03 from Senior Court Clerk to
                 appellant, advising him that the Court will take no
                 action with respect to his letter since the issues
                 therein are moot. (eas)

36    Jul  18    Order dated 7/18/03 by Holland, J., AFFIRMED.
                 (ENV,RJH,CB) (eas)

37    Aug  04    Record and mandate to clerk of court below. Case Closed
                 (afb).

38    Aug  08    Letter dated 8/5/03 from appellant to Clerk, requesting
                 a docket sheet. (sent) (eas)

A-39

```
                         SUPERIOR COURT CRIMINAL DOCKET              Page    1
                              ( as of  08/02/2004 )
```

State of Delaware v.  CHRISTOPHER J VIDETTO                  DOB: 07/08/1970
State's Atty: JAMES J KRINER , Esq.          AKA:
Defense Atty: LLOYD A SCHMID , Esq.


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0104008670 | IK02010407R1 | BURGLARY 2ND | TPG | 12/17/2002 |
| 002 | 0104008670 | IK02010408W | THEFT $1000 OR> | NOLP | 12/17/2002 |
| 003 | 0104008670 | IK02010409W | THEFT $1000 OR> | NOLP | 12/17/2002 |
| 004 | 0104008670 | IK02010410R1 | THEFT O/FIREARM | TPG | 12/17/2002 |
| 005 | 0104008670 | IK02010411W | THEFT O/FIREARM | NOLP | 12/17/2002 |
| 006 | 0104008670 | IK02010412R1 | CONSP 2ND | TPG | 12/17/2002 |
| 007 | 0104008670 | IK02010413W | CRIM MISC <1000 | NOLP | 12/17/2002 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 01/10/2002 | INDICTMENT FILED | |
| 2 | 01/10/2002 | RULE 9 WARRANT ISSUED. | |
| 3 | 06/24/2002 | AGREEMENT ON DETAINERS. | |
| 4 | 09/03/2002 | AGREEMENT ON DETAINERS. | |
| 5 | 10/25/2002 | RULE 9 WARRANT RETURNED, BAIL SET AT SECURED BAIL-HELD        18,600.00 100% DEF. WAS ARRAIGNED. CCR: 11/12/02 AT 9:00 A.M. | FREUD ANDREA MAYBEE |
| 6 | 10/25/2002 | ARRAIGNMENT CALENDAR - DEFENDANT WAIVED READING; ENTERED PLEA OF NOT GUILTY; JURY TRIAL DEMANDED. RULE 9 WARRANT RETURNED CCR: 11/12/02 AT 9:00 A.M. | FREUD ANDREA MAYBEE |
| 7 | 11/12/2002 | CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 12/11 AND TRIAL 12/16/02. | VAUGHN JAMES T. JR. |
| 8 | 11/27/2002 | SUBPOENA(S) ISSUED. | |
| 9 | 12/11/2002 | FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 12/16/02 | RIDGELY HENRY DUPONT |
| 10 | 12/12/2002 | NOTICE OF SERVICE - DISCOVERY RESPONSE. | |

A - 40

SUPERIOR COURT CRIMINAL DOCKET
( as of  08/02/2004 )

Page    2

State of Delaware v.  CHRISTOPHER J VIDETTO                    DOB: 07/08/1970
State's Atty: JAMES J KRINER , Esq.        AKA:
Defense Atty: LLOYD A SCHMID , Esq.

|  | Event | | |
|--|-------|--|--|
| No. | Date | Event | Judge |

-----------------------------------------------------------------------------
11   12/16/2002                                        RIDGELY HENRY DUPONT
     TRIAL CALENDAR- WENT TO TRIAL JURY
12   12/16/2002                                        RIDGELY HENRY DUPONT
     SUPPRESSION HEARING HELD. MOTION TO SUPPRESS DENIED.
13   12/17/2002                                        RIDGELY HENRY DUPONT
     JURY TRIAL HELD 12/16, 12/17/02. DEFENDANT ENTERED A PLEA OF GUILTY AS
     CHARGED ON 0407, 0410 & 0412. SENTENCED. S/JAMES KRINER, D/LLOYD
     SCHMID, CR/J. WASHINGTON 12/16, 12/17, CC/R. MANCHESTER
14   12/20/2002
     LETTER FROM SUPREME COURT TO LLOYD SCHMID RE: THE COURT REQUESTS YOU
     TO FILE A WRITTEN STATEMENT ON OR BEFORE JANUARY 7, 2003, INDICATING
     THAT YOU RECOGNIZE YOUR CONTINUING OBLIGATION UNDER SUPREME COURT RULE
     26 (A) TO REPRESENT MR. VIDETTO IN THE CAPTIONED APPEAL. PLEASE
     INCLUDE WITH YOUR STATEMENT A FORMAL NOTICE OF APPEAL AND DIRECTIONS
     TO THE COURT REPORTER, IF APPROPRIATE. (DOCKET CORRECTED 2/21/03 -
     DATE WAS WRONG ON ORIGINAL DOCKET ENTRY(CSCMJOR 12/30/03)).
15   12/26/2002
     PETITION FOR A WRIT OF HABEAS CORPUS FILED (PRO SE)
     REFERRED TO JUDGE: WITHAM
     DATE REFERRED: 12/26/02
     CIVIL CASE NO: 02M-12-018
16   12/27/2002                                        WITHAM WILLIAM L. JR.
     ORDER: THE PETITION FOR WRIT OF HABEAS CORPUS IS DENIED
17   12/30/2002
     NOLLE PROSEQUI FILED BY ATTORNEY GENERAL KRINER AS TO COUNTS 2,3,5,7
18   01/09/2003
     NOTICE OF APPEAL
19   01/09/2003
     DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT.
20   01/15/2003
     COPY OF DOCKET, SENTENCE ORDER AND INDICTMENT REQUESTED AND SENT.
21   01/15/2003
     AGREEMENT ON DETAINERS.
22   02/06/2003
     DEFENDANT'S LETTER FILED.
     RE: DEFENDANT TRANSFERRED TO PA. DEPARTMENT OF CORRECTIONS
     INMATE NUMBER EV4029, POST OFFICE BOX A, CRESSON, PA. 16699-0001.
23   02/20/2003
     TRANSCRIPT OF PLEA HEARING FILED. (J. WASHINGTON)
24   02/26/2003
     LETTER FROM SUPREME COURT STATING RECORD IS DUE NO LATER THAN 3/3/03.
25   02/27/2003

SUPERIOR COURT CRIMINAL DOCKET                    Page    3
( as of  08/02/2004 )

State of Delaware v.  CHRISTOPHER J VIDETTO                      DOB: 07/08/1970
State's Atty: JAMES J KRINER , Esq.         AKA:
Defense Atty: LLOYD A SCHMID , Esq.

       Event
No.    Date            Event                                     Judge
--------------------------------------------------------------------------------
       RECORDS SENT TO SUPREME COURT.
26     04/02/2003
       MANDATE FILED FROM SUPREME COURT:  REMANDED; JURISDICTION RETAINED.
       SUPREME COURT CASE NO:__714, 2002
       PURPOSE:  RECORD AND CERTIFIED COPY OF ORDER DATED MARCH 27, 2003, TO
       CLERK OF COURT BELOW.  JURISDICTION RETAINED.
       DEADLINE FOR RETURN:  APRIL 30, 2003
27     04/04/2003                                     RIDGELY HENRY DUPONT
       OFFICE CONFERENCE PROCEEDING HELD.
       DEFENDANT IS INCARCERATED AT PENNSYLVANIA DEPARTMENT OF CORRECTIONS.
       FORMAL ORDER TO BE ISSUED FOR A.G., J. KRINER, TO GIVE NOTICE TO
       AUTHORITIES IN PENNSYLVANIA AND SCHEDULING MATTER.
       HEARING IS SCHEDULED FOR APRIL 23, 2003 AT 9:30 A.M.
       PER E-MAIL FROM C. HUTCHINSON, HEARING DATE IS RESCHEDULED TO
       FRIDAY, APRIL 11TH, 2003 AT 2:15 P.M.
       A.G. J. KRINER; P.D. L. SCHMID; CT. REP. C. QUINN; CLERK M. RUDIS
28     04/04/2003                                     RIDGELY HENRY DUPONT
       EMAIL FILED FROM C. HUTCHISON.
       RE:  MR. VIDETTO'S HEARING HAS BEEN RESCHEDULED TO FRIDAY, APRIL 11,
       2003 @2:15 P.M.  ORDER WILL FOLLOW.
29     04/04/2003                                     RIDGELY HENRY DUPONT
       ORDER:  THIS 4TH DAY OF APRIL, 2003, UPON THE REMAND OF THIS MATTER
       BY THE DELAWARE SUPREME COURT FOR AN EVIDENTIARY HEARING,
       IT IS ORDERED THAT AN EVIDENTIARY HEARING ON THE DEFENDANT'S
       APPLICATION TO REPRESENT HIMSELF BEFORE THE DELAWARE SUPREME COURT IS
       SCHEDULED BEFORE THIS COURT AT THE KENT COUNTY COURTHOUSE,
       38 THE GREEN, DOVER, DE 19901 ON FRIDAY, APRIL 11, 2003 AT 2:15 P.M.
       THE PRESENCE OF THE DEFENDANT IS REQUIRED PURSUANT TO
       11 DEL. C. ╢ 2542(E) NOTWITHSTANDING HIS INCARCERATION IN
       PENNSYLVANIA.
       SO ORDERED BY JUDGE RIDGELY.
30     04/11/2003                                     RIDGELY HENRY DUPONT
       EVIDENTIARY HEARING HELD. DEFENDANT WISHES TO PROCEED PRO SE BEFORE
       THE SUPREME COURT. JUDGE RIDGELY FINDS THE DEFENDANT COMPETENT IN HIS
       DECISION TO PROCEED PRO SE. JUDGE RIDGELY WILL DO AN ORDER TO THE
       SUPREME COURT TO THIS EFFECT. (AG)J. KRINER  (PD)L. SCHMID
       (CR)J. WASHINGTON  (CC)B. HOLCOMB
31     04/14/2003                                     RIDGELY HENRY DUPONT
       ORDER: NOW, THEREFORE, IT IS ORDERED THAT THE PROTHONOTARY SHALL
       FORTHWITH TRANSMIT THESE FINDINGS OF FACT AND CONCLUSIONS OF LAW TO
       THE SUPREME COURT OF DELAWARE.
34     04/22/2003

A-42

```
                        SUPERIOR COURT CRIMINAL DOCKET                    Page    4
                              ( as of  08/02/2004 )

State of Delaware v.  CHRISTOPHER J VIDETTO                        DOB: 07/08/1970
State's Atty: JAMES J KRINER , Esq.         AKA:
Defense Atty: LLOYD A SCHMID , Esq.

       Event
No.    Date           Event                              Judge
----------------------------------------------------------------------------------
       DEFENDANT'S LETTER FILED.
       RE: REQUEST TO BE TRANSFERRED TO PA. DEPARTMENT OF CORRECTIONS.
32     04/24/2003
       DEFENDANT'S LETTER FILED.
       RE: REQUEST TO BE TRANSFERRED BACK TO PA. DEPARTMENT OF CORRECTIONS.
33     04/25/2003
       MOTION TO DISQUALIFY COUNSEL ON REMAND FILED (PRO SE).
35     05/12/2003
       MOTION FOR TRANSFER FILED (PRO SE).
36     05/14/2003                                        RIDGELY HENRY DUPONT
       ORDER: UPON CONSIDERATION OF DEFENDANT'S MOTION TO DISQUALIFY COUNSEL
       ON REMAND AND THE COURT HAVING RETURNED THE MATTER TO SUPREME COURT,
       IT IS ORDERED THAT THE MOTION IS DISMISSED AS MOOT.
37     05/14/2003                                        RIDGELY HENRY DUPONT
       ORDER: THE DEFENDANT HAVING FILED A MOTION FOR TRANSFER, AND IT
       APPEARING THAT THE STATE RETURNED THE DEFENDANT TO PENNSYLVANIA ON
       MAY 12, 2003, IT IS ORDERED THAT THE MOTION IS DISMISSED AS MOOT.
38     08/06/2003
       MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO:714, 2002 AND 8, 2003 (CONSOLIDATED)
39     08/13/2003                                        HOLLAND RANDY J.
       MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
       SUPREME COURT CASE NO: 714, 2002 AND 8, 2003 (CONSOLIDATED WITH
       02M-12-018)
40     09/23/2003
       COPY OF DOCKET, SENTENCE ORDER AND MOTION FOR POSTCONVICTION RELIEF
       FORM REQUESTED AND SENT.
41     10/01/2003
       DEFENDANT'S REQUEST FOR MOTION FOR POSTCONVICTION RELIEF APPLICATION
       SENT.
42     02/25/2004
       MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
43     03/03/2004                                        RIDGELY HENRY DUPONT
       ORDER OF REFERENCE: THIS 1ST DAY OF MARCH, 2004, MOTION FOR POST-
       CONVICTION RELIEF IS REFERRED TO COMMISSIONER ANDREA MAYBEE FREUD FOR
       PROPSED FINDINGS AND RECOMMENDATIONS PURSUANT TO 10 DEL.C. SECTION
       512(B) AND RULE 62.
44     03/03/2004                                        FREUD ANDREA MAYBEE
       ORDER: THIS 2ND DAY OF MARCH, 2004, IT IS ORDERED THAT: 1) LLOYD
       SCHMID, ESQUIRE, SHALL FILE AN AFFIDAVIT BY APRIL 7, 2004. 2) DEPART-
       MENT OF JUSTICE SHALL FILE LEGAL MEMORANDUM BY MAY 7, 2004. 3) ANY
       REPLY BY THE MOVANT SHALL BE FILED BY JUNE 7, 2004.
```

A-43

```
   o        o                SUPERIOR COURT CRIMINAL DOCKET                   Page    5
   o                           ( as of  08/02/2004 )
```

State of Delaware v.  CHRISTOPHER J VIDETTO                           DOB: 07/08/1970
State's Atty: JAMES J KRINER , Esq.          AKA:
Defense Atty: LLOYD A SCHMID , Esq.

```
       Event
No.    Date          Event                                          Judge
-----------------------------------------------------------------------------------
45   03/03/2004
       LETTER FROM PARALEGAL OFFICE TO COUNSEL
       RE: NOTICE THE DEFENDANT HAS FILED A PRO SE MOTION FOR POSTCONVICTION
       RELIEF.
46   04/02/2004
       LETTER FROM LLOYD SCHMID, ESQUIRE, TO COMMISSIONER FREUD
       RE: THIS LETTER IS TO CALL TO THE COURT'S ATTENTION THE FACT THAT MR.
       VIDETTO HAS INSTITUTED A PARALLEL ACTION IN FEDERAL DISTRICT COURT,
       IN WHICH THE UNDERSIGNED HAS BEEN SUED. THE FEDERAL MATTER IS BEING
       DEFENDED BY THE DELAWARE DEPARTMENT OF JUSTICE. REQUEST THAT THIS
       ACTION BE STAYED PENDING THE RESOLUTION OF THE FEDERAL ACTION.
47   04/06/2004                                              FREUD ANDREA MAYBEE
       LETTER/ORDER ISSUED BY COMMISSIONER FREUD TO LLOYD SCHMID, ESQUIRE
       RE: I CANNOT GRANT YOUR REQUEST AS YOU ARE NOT A PARTY TO THIS MATTER.
       I WILL, HOWEVER, GRANT YOU A THIRTY DAY EXTENSION TO FILE YOUR REPLY
       TO MR. VIDETTO'S ALLEGATIONS. ANY REQUEST FOR A STAY IN THIS MATTER
       MUST BE MADE BY THE STATE OR MR. VIDETTO UPON A PROPER MOTION. IT IS
       ORDERED THAT MR. SCHMID IS GRANTED AN ADDITIONAL 30 DAYS TO FILE HIS ₍
       REPLY. A NEW BRIEFING SCHEDULE WILL BE ISSUED.
48   04/07/2004
       DEFENDANT'S LETTER FILED.
       RE: CHANGE OF ADDRESS FROM PA. BACK TO DCC.
49   04/20/2004                                              FREUD ANDREA MAYBEE
       AMENDED ORDER OF BRIEFING: THIS 20TH DAY OF APRIL, 2004, IT IS ORDERED
       THAT: (1) LLOYD SCHMID, ESQUIRE, SHALL FILE AFFIDAVIT BY MAY 24, 2004;
       (2) DEPARTMENT  OF JUSTICE SHALL FILE A LEGAL MEMORANDUM BY JUNE 24,
       2004. (3) ANY REPLY BY THE MOVANT SHALL BE FILED BY JULY 23, 2004.
50   05/10/2004
       AMENDED MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
       AMENDED MOTION APPROVED BY COMMISSIONER FREUD. PLEASE DRAFT NEW
       BRIEFING ORDER.
51   05/10/2004
       MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR POSTCONVICTION RELIEF
       FILED (PRO SE).
52   05/25/2004                                              FREUD ANDREA MAYBEE
       AMENDED ORDER OF BRIEFING: AMENDED MOTION FOR POSTCONVICTION RELIEF
       AND MEMORANDUM OF LAW HAVING BEEN APPROVED, IT IS ORDERED THAT:
       (A) LLOYD SCHMID, ESQUIRE, SHALL FILE AN AFFIDAVIT JUNE 24, 2004.
       (B) DEPARTMENT OF JUSTICE SHALL FILE LEGAL MEMORANDUM BY JULY 23, 2004
       (C) ANY REPLY BY THE MOVANT SHALL BE FILED AUGUST 24, 2004.
53   07/14/2004
       AFFIDAVIT OF_ LLOYD SCHMID, ESQUIRE, IN RESPONSE TO MOTION FOR POST-
```

A-44

```
                          SUPERIOR COURT CRIMINAL DOCKET                Page    6
                              ( as of  08/02/2004 )

State of Delaware v.  CHRISTOPHER J VIDETTO                        DOB: 07/08/1970
State's Atty: JAMES J KRINER , Esq.          AKA:
Defense Atty: LLOYD A SCHMID , Esq.


       Event
No.    Date            Event                                   Judge
--------------------------------------------------------------------------------
       CONVICTION RELIEF.
54     07/22/2004
       TRANSCRIPT OF PLEA AGREEMENT BEFORE JUDGE RIDGELY FILED.
       TUESDAY, DECEMBER 17, 2002
       JENNIE WASHINGTON, OCR
55     08/02/2004
       COPY OF DOCKET REQUESTED AND SENT.

            *** END OF DOCKET LISTING AS OF  08/02/2004 ***
                PRINTED BY: CSCJBE2
```

A-45