## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **CHRISTOPHER J. VIDETTO,**<br>    **Plaintiff,** | : |
| V. | :   Case No. 06-111 |
| **WARDEN THOMAS L. CARROLL,**<br>    **Respondent.** | : |
| | : |

### MOTION FOR ADMITTANCE
### OF ORAL ARGUMENT

**COMES NOW,** Christopher J. Videtto, Pro Se, moving the court for admittance to present oral argument dealing with the complexity of the circumstances of his case and the grounds raised thereof, Pursuant to Rule 34(a) of the Federal Rules of Appellate Procedure, files the following statement in support of oral argument in this case.

1. On February 20, 2006, the movant filed for a Writ of Habeas Corpus.

2. The Writ was filed Pro Se, the petitioner is indigent and can't afford counsel.

3. The petitioner being Pro Se should not be neglected as to the severity of the claims that arise within his petition.

4. The claims that arise herein would best serve the interest of justice with oral argument from the Pro Se litigant, petitioner would not be apposed to counsel being appointed to assist in that area as long as the petitioner could participate in the development of the argument itself.

5. The undersigned believes, and therefore avers, that oral argument should be entertained in this case for the following reasons:

Specific reasons, such as the following:

## QUESTIONS OF FACT

     The issues presented in this case are so complex that the ready availability of case law is limited on some issues and non-existent on others. To elaborate on particular points will be indispensable to the decisional process. Specifically, where the question is that of first impression dealing with the interstate agreement on detainers, as well as other issues that arise within the petition for writ of habeas corpus. The commitment from the court in this matter would work in accord as to set the field correct with the dealing of these complex issues. Please refer to the petition for writ of habeas corpus for the questions of law. Mainly there is the issue of the interstate agreement on detainers ground six (6) that is a matter of first impression, as with the issue in ground one (1) dealing with the ineffective counsel claim. These reasons create a newly discovered avenue where the laws can best be applied in the light of justice.

## QUESTIONS OF LAW

     The record in this action contains a large amount of highly detailed and sometimes contradictorily answers presented to the lower courts in their ruling on the contents of this petition. Oral argument would best eliminate any discrepancies dealing with the conflicts of misapplied law, and the presence of the petitioner or appointed counsel, before the court to place such questions in proper perspective is indispensable to the presentation of the petitioner's case. For example, ground six (6) was never legitimately answered, the reasons given don't have anything to do with the question the petitioner previously raised with the state courts. The question relates to a state statute title 11 Del. C. 2549, and the habitual offenders application title 11Del.C. 4214(a) creates a conflict between themselves in relation to the rule of lenity dealing with ambiguous statutes together they Proper assessment of these claims is due for several reasons and the petitioner feels he has the right to address these claims personal for oral argument. Since, after all had the petitioner been able to afford counsel, counsel would have been granted leave to conduct oral argument. Does being poor limit the ability of ones rights so that justice can't prevail in favor of some one who is indigent.

     Therefore, the undersigned respectfully requests that this court, Pursuant to Rule 34(a) of the Federal Rules of Appellate Procedure, grant his motion for oral argument and set a date that the court deems appropriate.

Dated: 2/25/06

Respectfully Submitted,
Christopher Videtto
Christopher J. Videtto, Pro Se.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. VIDETTO,<br>Plaintiff, | : |
| V. | : Case No._____ |
| WARDEN THOMAS L. CARROLL,<br>Respondent. | : |
| | : |

**AFFIDAVIT OF SERVICE**

    I Christopher J. Videtto, herby certify that I have sent one copy of the Motion for Admittance of Oral Argument to the following:

Clerk of District Court　　　　　　　　Warden Thomas L. Carroll
District of Delaware　　　　　　　　　Delaware Corrections Center
844 King St. Lockbox 18　　　　　　　1181 Paddock Rd.
Wilmington, DE. 09801　　　　　　　　Smyrna, DE. 19977

M. Jane Brady, Esq.
Attorney Generals Office
820 N. French St.
Wilmington, DE. 09801

    The above was sent via U.S. postal service through the prison mailbox on the 25th day of February 2006.

                                                                       Christopher J. Videtto, Pro Se.
                                                                       P.O. Box 90431
                                                                       Camden, N.J. 08102

Chris Vidette #165188
P.o. Box 90431
Camden, N.J. 08101

THIS MAIL IS
COMING FROM THE
CAMDEN COUNTY
CORRECTIONAL FACILITY

$00.39⁰  FEB 28 2006
MAILED FROM ZIP CODE 08102

Clerk of District Court
District of Delaware
844 King St. Lockbox 18
Wilmington, D.E. 09801