IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER J. VIDETTO, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 06-111-JJF |
| : | |
| THOMAS CARROLL, : | |
| Warden, and CARL C. : | |
| DANBERG, Attorney : | |
| General of the State of : | |
| Delaware, : | |
| : | |
| Respondents. : | |

**O R D E R**

At Wilmington this 23 day of August, 2006;

IT IS ORDERED that:

Petitioner Christopher J. Videtto's Motion For The Appointment Of Counsel is DENIED without prejudice to renew. (D.I. 5.)

Petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Petitioner seeks representation by counsel because he is indigent, unskilled in the law, and his issues were denied by the state courts. After reviewing Petitioner's motion and the documents filed in the instant proceeding, the Court concludes that the "interests of justice" do not warrant representation by counsel at this time. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE

2